In the Matter of EVALYN SLATER et al., Petitioners, against HAROLD V. TOOHILL et al., Constituting the Zoning Board of Appeals of the Village of Port Chester, et al., Respondents.— Proceeding under article 78 of the Civil Practice Act to review a determination of the zoning board of appeals, Village of Port Chester, which granted variances of the provisions of section 4 (j) of the Building Zone Ordinance, Village of Port Chester, so as to permit reduction of building setbacks from 50 to 15 feet in the construction of apartment house buildings, and to construct a garage and parking space. Determination of the board annulled, with $50 costs and disbursements against respondents constituting the zoning board of appeals of the village of Port Chester, New York, and the matter of the application for variance remitted to the board to set forth in an amended return the facts upon which the conclusion of practical difficulties and unnecessary hardship was reached. In the alternative, the board

may order an additional hearing for the purpose of receiving evidence on the subject of whether or not conforming uses could produce a reasonable return to the owner. No express findings of fact appear in the board's decision. In our opinion the record of the evidence before the board fails to establish or permit a fair inference that the subject land cannot yield a reasonable return if used only for a purpose allowed in a Residence A Zone, and fails otherwise to satisfy the essentials for the exercise of the board's discretion in favor of granting a variance, as set forth in *Matter of Otto* v. *Steinhilber* (282 N. Y. 71, 76). There is testimony by the owner as to discouraging statements by real estate brokers with whom he attempted to list the land for sale. But there is no competent testimony by qualified persons on the question of reasonable returns from conforming uses. The board is empowered to grant a variance on the personal knowledge of its members in respect of practical difficulties and unnecessary hardship. But in such case the facts constituting such personal knowledge must be set forth in the return to the reviewing court. (*People ex rel. Fordham Manor Reformed Church* v. *Walsh*, 244 N. Y. 280, 287.) Nolan, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur.