In the Matter of HERBERT D. SCHIMMEL, Appellant, v. STANLEY W. KEMPNER et al., Constituting the Board of Zoning Appeals of the Town of Harrison, et al., Respondents.— In a proceeding under article 78 of the Civil Practice Act, to review a determination of the Zoning Board of Appeals of the Town of Harrison, granting a variance, petitioner appeals from an order of the Supreme Court, Westchester County, dated June 20, 1960, which dismissed the petition and confirmed the board's determination. Order reversed on the law, with costs; petition granted to the extent of annulling the Zoning Board's determination; and matter remanded to the board for further proceedings not inconsistent herewith. The facts have not been considered. From the record it would appear that the board failed to serve or file its return and that it failed to make any findings of fact when it granted the variance. In the absence of a return sufficient to establish that there was proof before the board of the facts necessary to establish the propriety of the variance, the order of Special Term, confirming the granting of the variance, was improper. (*Matter of Forrest* v. *Evershed*, 7 N Y 2d 256.) In the absence of findings of fact by the board to support its determination granting a variance, the determination must be annulled. The board is required to state "the facts upon which the conclusion of practical difficulties and unnecessary hardship was reached" by it, and upon which it based its grant of the variance (*Matter of Slater* v. *Toohill*, 274 App. Div. 944; *Matter of Forrest* v. *Evershed, supra*, p. 263; cf. *Matter of Athenas* v. *Macduff*, 283 App. Div. 955). The board may receive additional proof or hold hearings *de novo* if, in its opinion, such proof or hearings are necessary. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Brennan, JJ., concur.