In the Matter of MIGNON M. OTTO et al., Appellants, against ALBERT STEINHILBER et al., Constituting the Board of Appeals of the Village of Lynbrook, Respondents. MICHAEL GARRAMONE, Intervener, Respondent.

Argued November 15, 1939; decided December 28, 1939.

*Thomas L. Driscoll* for appellants. The return fails to show pertinent and material facts from which the inference of hardship or practical difficulties may be drawn. (*Young Women's Hebrew Assn.* v. *Board of Standards & Appeals*, 266 N. Y. 270; *Ward* v. *Murdock*, 247 App. Div. 808; *Barrett* v. *Bedell*, 255 App. Div. 874; *Parry* v. *Walsh*, 121 Misc. Rep. 631; 209 App. Div. 889; *Matter of Pounds* v. *Walsh*, 129 Misc. Rep. 676; 248 N. Y. 591; *People ex rel. Fordham M. R. Church* v. *Walsh*, 244 N. Y. 280; *Matter of Renorg Realty Co.* v. *Walsh*, 225 App. Div. 774; *Matter of Gardon Estates, Inc.*, v. *Murdock*, 241 App. Div. 761; 265 N. Y. 557; *Matter of Richardson* v. *Knapp*, 227 App. Div. 207; *Matter of Levy* v. *Board of Standards & Appeals*, 267 N. Y. 347.) A variance should not be granted when the hardship which may result therefrom will be on the owners of adjacent property. (*Matter of Tenlan Realty Corp.* v.

*Board of Standards & Appeals*, 251 App. Div. 311.) The Board of Appeals lacked power to extend the commercial zone to unreasonable limits. (*People ex rel. Sheldon* v. *Board*, 115 Misc. Rep. 449; 200 App. Div. 907; *People ex rel. Black* v. *Randall*, 254 App. Div. 310; *Matter of Tenlan Realty Corp.* v. *Board of Standards & Appeals*, 251 App. Div. 311; *Matter of 4672 Broadway Corp.* v. *Board of Standards & Appeals*, 225 App. Div. 97; 250 N. Y. 571; *Matter of Reed* v. *Board of Standards & Appeals*, 255 N. Y. 126.)

*Raphael W. Alpher* for Alfred Steinhilber et al., constituting the Board of Appeals of the village of Lynbrook, respondents. The Appellate Division did not commit any error in confirming the determination of the Board of Appeals. The record shows a state of fact of a character that afforded a basis for the determination at which the Board arrived in the exercise of its discretion. (*Young Women's Hebrew Assn.* v. *Board of Standards & Appeals*, 266 N. Y. 270; *Reed* v. *Board of Standards & Appeals*, 255 N. Y. 126; *Towers* v. *Thatcher*, 271 N. Y. 94.)

*Charles L. Raskin* for intervener, respondent. The conditions attached to and connected with the intervener's property are widely different from the conditions relating to the property in that district, and the Appellate Division was fully justified in confirming the determination of the Board of Appeals. (*Matter of Levy* v. *Board of Standards & Appeals*, 267 N. Y. 347; *Sloane* v. *Walsh*, 245 N. Y. 208; *Matter of Reed* v. *Board of Standards & Appeals*, 255 N. Y. 126.)

FINCH, J. The question presented on this appeal is whether, upon the record in this case, there are shown the requisite elements which would authorize the Board of Appeals to grant a variance in the application of the zoning laws upon the ground of unnecessary hardship.

The property in question fronts on the north side of Merrick road in the incorporated village of Lynbrook, Nassau county. The tract is an irregular plot of about five acres, with a frontage of 598.9 feet, a depth of 614 feet on

the easterly side and of 495 feet on the westerly side. The rear is 237.9 feet. The area is approximately in the shape of a truncated triangle. Property on Merrick road is zoned for commercial purposes to a depth of 150 feet on either side of the road. The adjoining area is zoned for residential purposes. Thus the major portion of the land in question is within a class " A " residential zone. The only access to the residential portion of the tract is by way of crossing the portion within the commercial zone fronting on Merrick road. To the rear and sides of this block are the properties of the neighboring owners which front upon other streets. Intervener applied to the Board of Appeals for a variance (in the enforcement of the restrictions prevailing in the residential zone) so that he might erect a large roller skating rink upon both the commercial and the residential portions of his land. A roller skating rink is a permissible commercial use. The skating rink was to be set back fifteen feet from the property line and to face Merrick road. It was to have a width of 240 feet, a depth of 434 feet, and a height of 49 feet.

In the immediate residential area adjoining the proposed skating rink have been erected many family residences, the occupants of which allege that the erection of the skating rink and the attendance which it will bring will practically destroy the availability of the neighborhood for residential purposes. About 600 objectors have so protested.

The Board granted a variance on the ground of unnecessary hardship and, in its return to the order to review its determination, detailed as its reasons therefor these facts: (1) That the land lies within two zones, in one of which the requested use is available as of right under the zoning law; (2) that the only means of access to the residential portion is by crossing over the portion in the commercial zone; (3) that the intervener could erect the roller skating rink wholly within the commercial zone, but access to the rear portion would thereby be obstructed; (4) that if the roller skating rink is restricted to the commercial portion of the land, parking of automobiles of patrons will necessarily have

to be in the streets in that vicinity, whereas if the roller skating rink is allowed to be erected in accordance with the variance granted by the Board of Appeals, the automobiles could be parked on the property and at the sides of the rink building, thereby obviating a potential traffic problem. In addition thereto, the intervener contends that he could not create a street over the commercial portion of his property outside of that to be occupied by the rink because of the width and grade required for a village street. (Village Law [Cons. Laws, ch. 64], § 179-l.)

The object of a variance granted by the Board of Appeals in favor of property owners suffering unnecessary hardship in the operation of a zoning law, is to afford relief to an individual property owner laboring under restrictions to which no valid general objection may be made. Where the property owner is unable reasonably to use his land because of zoning restrictions, the fault may lie in the fact that the particular zoning restriction is unreasonable in its application to a certain locality, or the oppressive result may be caused by conditions peculiar to a particular piece of land. In the former situation, the relief is by way of direct attack upon the terms of the ordinance. (*Nectow* v. *City of Cambridge*, 277 U. S. 183; *Dowsey* v. *Village of Kensington*, 257 N. Y. 221. Cf. *Village of Euclid* v. *Ambler Realty Co.*, 272 U. S. 365.) In order to prevent the oppressive operation of the zoning law in particular instances, when the zoning restrictions are otherwise generally reasonable, the zoning laws usually create a safety valve under the control of a Board of Appeals, which may relieve against " unnecessary hardship " *in particular instances*. (*People ex rel. Fordham M. R. Church* v. *Walsh*, 244 N. Y. 280; Bassett on Zoning [1936], p. 120 *et seq.* Cf. *Matter of Eaton* v. *Sweeny*, 257 N. Y. 176.) This the statute accomplishes in the following language: " Where there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of such ordinance, the board of appeals shall have the power in passing upon appeals, to vary or modify the application of any of the regulations or provisions of such ordinance

relating to the use, construction or alteration of buildings or structures, or the use of land, so that the spirit of the ordinance shall be observed, public safety and welfare secured and substantial justice done." (Village Law, § 179-b. Cf. New York City Zoning Resolution, § 21.) As a result of these provisions, " there has been confided to the Board a delicate jurisdiction and one easily abused." (*People ex rel. Fordham M. R. Church* v. *Walsh, supra,* at p. 290.)

Before the Board may exercise its discretion and grant a variance upon the ground of unnecessary hardship, the record must show that (1) the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone; (2) that the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood which may reflect the unreasonableness of the zoning ordinance itself; and (3) that the use to be authorized by the variance will not alter the essential character of the locality. (Bassett, *op. cit. supra,* pp. 168, 169.)

In the case at bar the applicant has failed to introduce any evidence whatever tending to show that the portion of his land which is located in the residential zone may not be reasonably employed in conformity with the zoning regulations governing Class " A " districts. The most which can be said for the cause of the intervener is that, if the variance were granted he could make an immediate profitable use of the entire tract. Intervener contends that the lack of access to the street from the rear portion constitutes an element showing unnecessary hardship. Intervener further contends that after the erection of the rink insufficient land will remain on either side to permit a street of the width required by the Village Law (§ 179-l) for access to the residential portion of his property. This section, in so far as we are presently concerned, provides: " That the streets and highways shall be of sufficient width and suitable grade and shall be suitably located to accommodate the prospective traffic, to afford adequate light and

air, to facilitate fire protection, and to provide access of fire-fighting equipment to buildings * * *." Intervener owns a frontage of virtually 600 feet upon Merrick road. He fails to show in any manner how the provisions of the statute quoted would prevent the creation of a right of way to the rear portion. For all that is shown, another use of the commercial property, or even a rearrangement of the rink building confined to the commercial portion, would seem to leave ample space for a village street. For the lack of any facts whatever from which it may reasonably be inferred that the zoning restrictions, requiring residential use of the rear portion of the land, would amount to an unnecessary hardship, a grant of a variance by the Board of Appeals was improper.

Furthermore, there is no evidence to show that the situation in which intervener finds himself, as a result of the fact that the commercial belt bordering the Merrick road extends to a depth of only 150 feet on either side of the road, is unique and distinct from that of the other owners whose properties front on the Merrick road. The provision for a commercial zone along the Merrick road is the result of the same situation which was involved in *Dowsey* v. *Village of Kensington (supra)*, where this court held invalid a zoning ordinance in so far as it failed to allow commercial uses along the frontage of a main commercial highway. In the vicinity and back along both sides of the Merrick road lies a residential district. Because of the heavy traffic upon that highway it was but a reasonable regulation to permit commercial uses of the property fronting upon the highway. Obviously there have to be some limits to this commercial zone. The extent thereof is primarily a legislative question and has been resolved in the zoning law to be no more than 150 feet away from the Merrick road. For all that appears in the record, other property owners may also have rear portions without direct access to the streets in the residential area. If this be a hardship, then the vice is in the legislation itself and is not to be remedied by piecemeal exemption which ultimately changes the

character of the neighborhood and creates far greater hardships than that which a variance may alleviate because of the obsolescence caused to property values created by those seeking residences in reliance upon the design of the zoning ordinance. (*People ex rel. Fordham M. R. Church* v. *Walsh, supra; Y. W. H. Assn.* v. *Board of Standards & Appeals,* 266 N. Y. 270; *Matter of Levy* v. *Board of Standards & Appeals,* 267 N. Y. 347.) Thus, the variance granted by the Board of Appeals does not comply with the remaining two of the three prerequisites mentioned above, that the hardship to be alleviated not only be one peculiar to the applicant, but also that the relief granted shall not alter the essential character of the neighborhood heretofore devoted to residential purposes. In that event the commercial zone would to all intents and purposes extend not 150 feet, but for several hundred feet beyond.

Intervener relies upon *Matter of Reed* v. *Board of Standards & Appeals* (255 N. Y. 126). That decision was concerned with the power of the Board to grant variances pursuant to a provision of the New York City Zoning Resolution (§ 7-c), which expressly granted jurisdiction to the Board to " Permit the extension of an existing or proposed building into a more restricted district under such conditions as will safeguard the character of the more restricted district." It may be further observed that in the *Reed* case the question presented was whether the owner might erect a theatre for a depth of 125 feet where a theatre use for property fronting on the street in question was allowed to an extent of 100 feet. Clearly that situation cannot be analogous to the case at bar, where the use under the zoning ordinance is a permissible one for a distance of 150 feet out of a total depth of between 500 and 600 feet. Similarly, in *Matter of Wilkins* v. *Walsh* (225 App. Div. 774; affd., 251 N. Y. 518) the projected use was a permissible one upon property 84 by 100 feet, and the variance was granted for a gore lot whose base was 16 feet.

The grant of the variance to the intervener by the Board of Appeals, therefore, is improper upon this record, which

does not set forth any proof of the three elements constituting unnecessary hardship within the meaning of the zoning laws.

The order of the Appellate Division, confirming the determination of the Board of Appeals, should be reversed, the determination of the Board of Appeals annulled, and the application of the intervener denied, with costs in all courts.

LEHMAN, J. (dissenting). Where the major part of a large parcel of land lies in a residence district but has access only to a street in a business district, the unnecessary hardship and practical difficulties of strict enforcement of the zoning ordinance seem to me obvious.

CRANE, Ch. J., HUBBS, LOUGHRAN and RIPPEY, JJ., concur with FINCH, J.; LEHMAN, J., dissents in memorandum; O'BRIEN, J., taking no part.

Ordered accordingly. (See 282 N. Y. 681.)