In the Matter of COURT BOULEVARD, INC., Appellant, against BOARD OF STANDARDS AND APPEALS OF THE CITY OF NEW YORK et al., Respondents.— Proceeding to review the determination of the Board of Standards and Appeals of the City of New York, which denied appellant's application for a variance of the zoning resolution in respect of an area district. (N. Y. City Zoning Resolution, art. IV, § 14, subd. [c] as amd.) Order dismissing the order of certiorari and confirming the determination of the board unanimously affirmed, with $10 costs and disbursements. Irrespective of whether or not the tests for a variance set forth in the case of *Matter of Otto* v. *Steinhilber* (282 N. Y. 71) were applicable or correctly applied by the board, the record fails to establish practical difficulties or unnecessary hardships in conforming to the area district regulation. Present — Lewis, P. J., Carswell, Adel, Sneed and Wenzel, JJ.

In the Matter of DRAKE CONSTRUCTION CORP., Respondent. KENN EQUIPMENT COMPANY INC., Appellant.— Order conditionally denying respondent's application to cancel a mechanic's lien by reason of the lienor's failure to commence an action to enforce the lien, reversed on the law, with $10 costs and disbursements, and the application denied, unconditionally, with $10 costs, without prejudice to the making of a new application for the same relief upon proper notice. The notice served by respondent failed to comply substantially with the requirements of section 59 of the Lien Law. It failed to require the lienor to commence an action to enforce the lien, within a time specified in the notice, not less than thirty days from the time of service of the notice and to require the lienor to show cause at Special Term at a time and place specified therein, why the notice of lien should not be vacated. Lewis, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur.