L. Barron Hill, J.
By a proceeding under article 78 of the Civil Practice Act petitioner seeks to review a determination of the Board of Zoning Appeals of the Town of Hempstead.
The board has granted the application of intervenor-respondent for a variance extending an accessory business use into a residential district. Petitioner is a neighboring property owner in the business use district. Petitioner’s property is on the Hempstead-Jamaica Turnpike and Biltmore Avenue. The intervenor-respondent owns an ‘ ‘ L ” shaped parcel to the west and south of petitioner also fronting on Hempstead-Jamaica Turnpike and Biltmore Avenue. This parcel has a depth of 183.83 feet running* southerly from the turnpike. This area is zoned business for a depth of 100 feet. On application of the intervenor-respondent the board, heretofore, extended the business use district the maximum additional 50 feet as it is permitted tó do under the applicable provisions of the zoning ordinance. For several years the intervenor has conducted a car wash business on this property under a temporary permit. A prior application for the relief now sought, i.e., to extend *545 the business use district to the 38 by 80-feet part of the parcel in the rear, which has access to Biltmore Avenue, was denied by the board. This application is supposedly based on additional conditions consented to by the applicant in the use of premises.
The board has based its grant of the variance on the ground that practical difficulties and unique hardship exist as to the use of the 38 by 80-feet parcel as residential property. It is difficult to see how the additional conditions agreed to by intervenor have established practical difficulties and unique hardship which the board, apparently, did not find on the previous application.
I am of the opinion that if any hardship exists it is self inflicted by the intervenor who sought the prior variance which extended the business area 50 additional feet leaving her with only 38 feet of residential property (Matter of Thomas v. Board of Stds. & Appeals, 263 App. Div. 352, 355, revd. on other grounds 290 N. Y. 109, 115, 116). Except for area restrictions, self-inflicted hardships prevent the grant of a variance (Matter of Clark v. Board of Zoning Appeals, 301 N. Y. 86).
In its memorandum of law respondent board raises an issue as to whether the petitioner is an “ aggrieved ” person within subdivision 7 of section 267 of the Town Law entitled to maintain this proceeding. It is their contention that his property is business, not residential, and that the record shows he only owns the premises and rents it to another. Whether petitioner is a person aggrieved, under the circumstances, is an interesting question, but has not been properly raised in this proceeding. Respondent has neither moved against the petition nor asserted the defense in its answer as provided by section 1293 of the Civil Practice Act (see and certify Baldwin v. Casey, 133 N. Y. S. 2d 867).
In reviewing the return I find little if no probative evidence to meet the three well-known tests set forth in Matter of Otto v. Steinhilber (282 N. Y. 71, 76). The statements of counsel as to the size of the parcel and the applicable zoning restrictions are the only ones relating to such necessary proof.
However, I am willing to make my determination on the basis that the variance could not be granted because of the self-imposed hardship.
The situation presented is not unlike that in Otto v. Steinhilber (supra) wherein the court stated at pages 77, 78: “ Obviously there have to be some limits to this commercial zone. The extent thereof is primarily a legislative question and has been resolved in the zoning law to be no more than 150 feet away from Merrick Road. * If this be a hardship, *546 then the vice is in the legislation itself and is not to be remedied by piecemeal exemption which ultimately changes the character of the neighborhood ”.
The determination of the board is annulled.
Settle order.