Clarence J. Henry, J.
The petitioner is a physician with offices at No. 468 Titus Avenue in the Town of Irondequoit. Such offices are located in a so-called Zone E area, wherein the applicable town zoning ordinance (art. V, § 4 [4]) permits physicians’ offices “ when part of the personal dwelling of such professional person ”.
The premises were acquired by the petitioner on June 15, 1959, at which time the above-mentioned ordinance was in effect, having been adopted in 1954.
On October 28,1959 he obtained from the town Building Inspector a permit to remodel, stating in the application his intent to use the remodelled premises for his personal dwelling and medical offices. Remodelling was accomplished, but the petitioner has never resided in the premises, although continuing his offices there. Instead, on September 12, 1960, on the ground of discovery that the new residential quarters were inadequate for his family, he applied for a variance permitting him to continue to maintain his medical offices without making it part of his personal dwelling. The Zoning Board of Appeals refused to grant the variance, and the petitioner commenced the instant proceeding seeking annulment.
Determination rests squarely upon the question of “ special ” or “ unnecessary hardship ”. Leaving aside other requirements for showing such, as established by the leading case of Matter of Otto v. Steinhilber (282 N. Y. 71), it is clear that one who purchases real property already limited in use by zoning restrictions cannot later be heard to complain on the ground of hardship (Matter of North Titus Residential Assn. v. Board of Zoning Appeals, 205 Misc. 518 ; Matter of Colony Park v. Malone, 25 Misc 2d 1072 ; People ex rel. Fordham Manor Ref. Church v. Walsh, 244 N. Y. 280 ; Blumberg v. Feriola, 8 A D 2d 850 ; Matter of Holy Sepulchre Cemetery v. Board of Appeals, 271 App. Div. 33). It is presumed that consideration appropriate to the limited use was paid, and no element of the unexpected or incalculable can be said to have aggravated the purchaser’s plight.
*974 The factual situation in the instant matter, however, presents an even more compelling reason for sustaining the decision of the Zoning Board. The record indicates that on June 8, 1959, one week prior to his purchase of the involved premises, the petitioner had applied for, and been' denied, the exact variance now sought. Definitely forewarned, he was bound to bear the risk of success or failure of the remodelling to suit his needs — in conformity with the ruling — and, if the latter, the hardship cannot be regarded as other than self-created. Petition denied.