Matthew J. Jasen, J.
This is an application under article 78 of the Civil Practice Act to review the decision of the Zoning-Board of Appeals of the Town of Murray, Orleans County, New York, in granting a zoning variance.
*199 The petitioners are the owners of realty located on the north side of Ridge Road, the east boundary of which is approximately 1,200 feet west of the west boundary of vacant land owned by one Harrison, which is 390 feet on the north side of said Ridge Road and 500 feet in depth.
On May 15, 1961, said Harrison applied for a variance to construct, maintain and operate a new and used Mobile Home Sales & Service business on the premises.
The premises are in the “ A ” residential district as specified in section 19 of the Zoning Ordinance of the Town of Murray, effective May 27, 1957. Uses in this district are limited to single-and two-family dwellings, educational or religious buildings, customary home operations, public parks and parkways and farms and farm buildings.
Petitioners contend that the public notice of the hearing was unreasonably short and insufficient to advise interested parties of the application for variance in that five days’ notice of the meeting was not given.
Subdivision 5 of section 267 of the Town Law states: “ The board of appeals shall fix a reasonable time for the hearing of the appeal * * * and give public notice thereof by the publication in the official paper of a notice of such hearing, at least five days prior to the date thereof”.
Petitioners cite Matter of Gerling v. Board of Zoning Appeals
11 Misc 2d 84). There the hearing was held June 10 and the notice was published in a newspaper bearing date June 6 so that there was only four days before the hearing in violation of the subdivision 5 of section 267 requirement of five days. However, the court held that such defect would not void the proceedings as to those who had actual notice of the hearing and failed to question the sufficiency and to those who appeared personally at the hearing.
In the case at bar there is affixed with the return of the Zoning-Board an affidavit by the associate editor of the Holley Standard which published the notice to the effect that although the paper is published under date May 18, it was actually circulated for public distribution and purchase on May 17. The meeting- being held May 22, the facts herein are identical with those in the Getting case (supra).
The Getting decision upholding the variance was reversed on other grounds by the Appellate Division, Fourth Department (6 A D 2d 247). No reference to the five-day requirement under subdivision 5 of section 267 was made in the Appellate Division’s opinion and thus impliedly at least the lower court’s ruling may be considered affirmed.
*200 In North Shore Beach Property Owners Assn. v. Town of Brookhaven (115 N. Y. S. 2d 670, 129 N. Y. S. 2d 697) the court held that defects in the notice of public hearings would be disregarded since there were appearances at the hearing and “ the objectants were in no way prejudiced thereby.”
In Matter of Krust v. Hill (212 N. Y. S. 2d 981) decided January 24, 1961, the court cited Gerling v. Board of Zoning Appeals (supra) with approval.
Petitioners contend that the Gerling case may be distinguished from the case at bar in that herein one of the two petitioners was not present at the hearing and therefore did not waive his rights and that it may be further distinguished in that the Gerling case concerned a populated area while herein the area is rural and the newspapers mailed May 17 did not arrive until the 18th. The first contention is untenable in view of the fact that the two petitioners herein are brothers, live near one another, are co-owners of the property and one of them did appear at the hearing. Furthermore, there is no showing here that the brother who did not appear at the meeting did not have actual notice. The second contention merits no consideration.
Accordingly, petitioners’ contention that the proceedings at the meeting were of no effect in view of the failure to give proper notice under subdivision 5 of section 267 of the Town Law must fall.
Respondents in their answer state that the Zoning Board in rendering its decision acted within the scope of the ordinance ‘ ‘ and particularly within the provisions of Sect. 53 * * * and also Sec. 13 ”.
Section 13 states “ Whenever the provisions of this ordinance in their application to an existing structure or existing premises at the time it takes effect, are unfair or inequitable to the owner or occupant thereof * * * (the) Board * * * may * # * alter or vary * * * the strict application of the provisions of this ordinance * * * giving due consideration to the general purposes and intent thereof, and the structures or premises of surrounding owners or occupants.” Section 53 states that a variance may be granted when ‘ ‘ the public convenience and welfare shall be substantially served and the appropriate use of the neighboring property will not be substantially or permanently injured * * * and (subd. 12) where there are practical difficulties or unnecessary hardships ”.
The minutes of the May 22, 1961 meeting of the Zoning Board of Appeals are brief. They indicate that E. A. Coapman, an attorney, was present representing Mrs. Helen Levandowski, Gene Levandowski, Bruno Levandowski and Carl Levandowski, *201 all of whom, except Carl, were present. Attached to the minutes is a copy of a retainer signed by these four mentioned people. The minutes state “ The reasons given for granting the application over Levandowskis ’ objection were that it is a commercial area having Hunt’s Gas Station, Thompson’s Motel, Schmidt’s Motel in the immediate area. Also that the Levandowskis have a commercial establishment in their home. ’ ’
The affidavit of the chairman of the Zoning Board of Appeals states that the four board members present at the hearing were familiar with the premises in question as well as adjoining-property; that they are familiar with the character of the neighborhood and possible uses; that a variance had been granted in 1960 to one Carl Levandowski, a son of one of the petitioners herein; that buildings immediately west of the subject premises are unoccupied and in run-down condition; that there is much open land in the area; that across the street from the subject premises is a gasoline station; that the subject premises is located on a heavily travelled highway; that the neighborhood cannot be classified as residential.
In Matter of Gerling v. Board of Zoning Appeals of the Town of Clay (6 A D 2d 247, 250) the Appellate Division said: “ To establish deprivation of reasonable use, or ‘ hardship ’ as it is frequently termed, to obtain an original variance an owner must provide a record which shows that: ‘ (1) the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone; (2) that the plight of the owner is due to unique circumstances * * * ; and (3) the use to be authorized by the variance will not alter the essential character of the locality. ’ (Matter of Otto v. Steinhilber, 282 N. Y. 71, 76.) * * * in Matter of Crossroads Recreation v. Broz (4 N Y 2d 39) the court reiterated the above-quoted portions of the Otto case {supra) and held that all three of the conditions outlined must be shown * * * The court there concluded * * * ‘ Since the record here does not * * * show that ‘1 the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone ”, we need not consider the requirements numbered (2) and (3) above.’ ” (Emphasis supplied.)
In Crossroads v. Broz (supra) the court also said that “ the petitioners (for the variance) had the burden (emphasis supplied) of showing that ‘ the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone ’ ’ ’.
No factual showing has been made in this record to indicate a compliance with the requirements of law as set forth above *202 and, therefore, the determination of the Zoning Board of Appeals is set aside and declared null and void. This determination, of course, does not preclude the original petitioner for the variance from reapplying and the Zoning Board of Appeals from granting a variance upon a proper showing in the minutes that all the required conditions are complied with.