Anthony M. Livoti, J.
In this article 78 proceeding to review and annul the determination of respondent, the Board of Standards and Appeals of the City of New York, denying a use and area variance to petitioner, said respondent moves to vacate the order of certiorari, dismiss the petition and confirm its determination.
The variance sought pursuant to subdivision (e) of section 7, and section 21 of the Zoning Resolution would permit erection of a supermarket with open parking for more than five cars in a residential use district and Gr-1 area district. The respondent board found that petitioner failed to substantiate a basis to warrant exercise of discretion to grant a zoning variance on the grounds of practical difficulty or unnecessary hardship.
The vacant land in question, while abutting Union Turnpike, is surrounded by private homes and garden apartments, except for a gasoline station that faces to the east, which was erected pursuant to a variance granted by the board on November 25, 1958. There is extensive commercial property to the northeast or diagonally across Union Turnpike.
Petitioner contends that there is a “ glaring ’ ’ need for additional marketing facilities in the community; that its land is inappropriate for residential use in that not more than four residences could be erected thereon and all but one of them would either abut Union Turnpike or face the existing gasoline service station. Petitioner further maintains that “ It is unrealistic to suggest the investment of capital for the erection or residences at this location and inconceivable that such residences could be sold in an area of this character.”
A review of the record fails to substantiate petitioner’s contentions. “ Before the Board may exercise its discretion and *907 grant a variance upon the ground of unnecessary hardship, the record must show that (1) the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone; (2) that the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood which may reflect the unreasonableness of the zoning ordinance itself; and (3) that the use to be authorized by the variance will not alter the essential character of the locality.” (Matter of Otto v. Steinhilber, 282 N. Y. 71, 76.)
Petitioner has wholly failed to substantiate its claim that the land in question is inappropriate for residential purposes. No evidence was offered to show that it attempted to develop or sell its property for a conforming use. Bather petitioner’s position would appear to be that a supermarket would be more profitable than were the land to be utilized in accordance with the existing zoning regulations. However, a mere showing ‘‘ of a present loss ” is not enough. “ In order to establish a lack of ‘ reasonable return ’, the applicant must demonstrate that the return from the property would not be reasonable for each and every permitted use under the ordinance ”. (Matter of Forrest v. Evershed, 7 N Y 2d 256, 262.) This petitioner has failed to do.
The owners of the surrounding conforming residential properties, the pastors of two churches within the affected area, three civic associations and two parent-teacher organizations, opposed the granting of the variance. These objectors maintain that there is no need for additional shopping facilities in the area and granting the zoning variance would bring about increased traffic congestion, traffic hazards to children, increased noise, insect and/or rodent infestation, refuse removal problems, etc.
The record further shows that there are seven supermarkets within one mile and eight empty stores within one-half mile of the property in question.
The court is of the opinion that the determination under review finds ample support in the record negating petitioner’s contentions of ‘1 practical difficulties and unnecessary hardship ”. Accordingly, respondent’s motion is in all respects granted and the proceeding is dismissed.