Thomas P. Farley, J.
This article 78 proceeding brought by neighboring property owners seeks review of a determination of the respondent Board of Appeals of the City of Long Beach granting certain variances to the intervenor-respondent Temple Emanu-El of Long Beach (hereinafter referred to as the “ Temple ”).
The Temple is presently situated on the west side of Neptune Boulevard in Long Beach between East Chester and East Market Streets, having frontage on all three streets, and is located partly in Residence “ C ” and partly in Residence “ F ” building zone districts which, under the Municipal Code of the City of Long Beach, both permit houses of worship as a permitted use.
The variances objected to were granted on September 5, 1961 (after three hearings and a personal inspection of the site by the board) in connection with the Temple’s plans to enlarge and modernize the existing structure. Although it can be gathered from the transcript of the hearings before the board that many objectors to the proposed enlargement were present at the hearings and voiced their objections through counsel, these hearings were conducted informally and consisted primarily of arguments of counsel and colloquy between counsel and the board. There was no sworn testimony taken or proof of any kind offered or admitted on behalf of either proponents or objectors.
Briefly stated, the variances granted permit the Temple to build upon 61% of the total area of their plot, whereas the zoning ordinance fixes a 45% limit; the required 20-foot front yard setback regulation (which, in the case of corner lots, applies to each street on which the lot abuts) has been relaxed to 15 feet on Neptune Boulevard and 17% feet on Market Street; the rear yard setback requirement of 40 feet has been relaxed to 6% feet on the southwest rear lot line and 15 feet on the northwest rear lot line; and the applicable ofif-street parking requirements were completely waived. Certain projections described as “ fin walls ” and “ piers ” have also been permitted to be constructed within the setback areas.
The board made findings of fact to the effect that the Temple’s congregation and number of people attending its functions has more than doubled since the erection of the existing facilities; that two large recently created municipal parking areas are *541 located nearby the subject premises so that no parking problem will be created by the proposed addition, and that the rear yard setbacks requested are greater than required side yard setbacks which would have been applicable had the property been used for residential purposes.
The petitioners’ chief contentions and complaints, in addition to the claim that the variance will destroy property values and the residential character of the neighborhood, relate to the use of the Temple as a commercial restaurant for catered affairs, with the attendant noise, odors, heat and deliveries, referring to the proposed enlarged kitchen and dining facilities, and the increased traffic congestion and parking problem which will be created by such enlargement and use. It is also claimed that the Temple failed to prove “unnecessary hardship” as that term is defined in Matter of Otto v. Steinhilber (282 N. Y. 71), and that the Temple’s predicament is self-imposed.
It is elementary in proceedings of this type that the province of courts is not to interfere with the exercise of discretion conferred upon a public officer or body by law, unless it is arbitrary, capricious, unreasonable or illegal (Matter of Larkin Co. v. Schwab, 242 N. Y. 330).
The respondent board here has the usual discretionary power of the Zoning Board to grant a variance “where there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of the provisions of the Zoning Ordinance respecting zoning set backs and the use of the land ”. (Municipal Code, City of Long Beach, § 2-502.2.)
It is now well settled that ‘‘ unnecessary hardship ’ ’, as that term is defined in Matter of Otto v. Steinhilber (supra) need not be shown in an area variance case (Matter of Village of Bronxville v. Francis, 1 A D 2d 236, affd. 1 N Y 2d 839). Similarly, the doctrine of self-imposed hardship, as enunciated in Matter of Clark v. Board of Zoning Appeals (301 N. Y. 86), has been limited to apply only to use variance cases (Matter of 293 North Broadway Corp. v. Lange, 282 App. Div. 1056).
The variance involved here is one of area, not use. There is no question but that a Temple is a permitted use here. The issue attempted to be raised by the petitioners that the premises will be used as a commercial restaurant is not presently before this court, which is concerned simply with an appeal from a determination granting an area variance. In the absence of evidence in the record, the court cannot speculate as to the Temple’s future conduct. If it should develop in the future that the Temple is conducting a commercial catering operation, and such a use violates the zoning ordinance with respect to *542 Residence “ G ” and “ P ” zones, the petitioners’ remedy would be an independent action or proceeding to restrain, correct, or abate such violation.
With respect to petitioners’ claims of loss of residence values, traffic congestion and parking problems, suffice it to say there is not one shred of legal evidence in the transcript of proceedings below to lend support to their contentions. Moreover, it has been held that traffic congestion is a matter of police protection and does not involve the enforcing of a zoning ordinance (City of Syracuse v. Bronner, 133 N. Y. S. 2d 153).
Accordingly, this court will not interfere with the judgment of the board whose findings, based upon three hearings, the general familiarity of its members with local conditions and a personal inspection of the proposed site and the surrounding neighborhood constitute a sufficient showing of “ practical difficulties ” insofar as that term should be applied to houses of worship. (See Matter of Diocese of Rochester v. Planning Bd., 1 N Y 2d 508 and 1 Rathkopf, Law of Zoning and Planning [3d ed.], ch. 19, pp. 19-17, for discussions of the special status accorded churches in the law of zoning.) The petition is, therefore, denied.