In the Matter of the Construction of the Will of MICHAEL BERARDINI, Deceased. MICHAEL BERARDINI, Appellant; STEPHEN B. ACUNTO, JR., et al., Respondents.—

No opinion. Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Hopkins, JJ., concur. [30 Misc 2d 785.]

In the Matter of SIGMUND CHESSID et al., Appellants, v. DAN CIRILLA et al., Copartners Doing Business as C AND B CONTRACTORS, Respondents.—

No opinion. Beldock, P. J., Ughetta, Kleinfeld and Brennan, JJ., concur; Christ, J., dissents and votes to reverse the order and to grant the application, with the following memorandum: The subject property was discharged from the lien by an order of the court which was made upon the basis of the filing of an undertaking furnished by the petitioners (Lien Law, § 19). Section 59 of the Lien Law permits the service upon a lienor of a notice requiring him " to commence an action to enforce the lien " within a time specified in the notice, which shall be not less than 30 days from such service. The verbiage of the notice which the petitioners had served upon the lienors employed literally the verbiage which section 59 indicates should be used, except that the notice described the action in question as one " upon the undertaking given by the applicants to discharge the notice of mechanic's lien filed by you." This slightly different verbiage was obviously used by the draftsman of the notice to meet the circumstance that the property had been discharged from the lien by reason of the undertaking. It is sufficient if the notice substantially complies with the requirements of section 59 (*Matter of Euclid Concrete Corp.* [*Angelina*], 279 App. Div. 594; *Matter of Drake Constr. Corp.* [*Kenn Equip. Co.*], 274 App. Div. 809). In my opinion, under the circumstances here, there could be no reasonable doubt that the action to which the notice was directed was the action contemplated by section 59 of the Lien Law, namely: an action to enforce the lien. Hence, there was at least a substantial compliance with the requirements of the section. The lienors failed to bring such an action within the required time. Instead, they commenced a simple action to recover for work, labor and services. Therefore, the petitioners' application should have been granted.

In the Matter of the Estate of ANGELINA COSCIA, Deceased. CONSTANTINE COSCIA et al., Appellants; DOMINICK COSCIA, as Executor of ANGELINA COSCIA, Deceased, Respondent.—

No opinion. Beldock, P. J., Ughetta, Kleinfeld, Christ and Hopkins, JJ., concur.