■ In the Matter of THOMAS FOLEY et al., Appellants, v. RALPH B. FERIOLA et al., Constituting the Zoning Board of Appeals of the City of Yonkers, Respondents.— In a proceeding by a number of owners of real property located in the vicinity of premises known as 673–683 McLean Avenue, in the City of Yonkers, pursuant to article 78 of the former Civil Practice Act, to review and annul a determination of the respondent Zoning Board of Appeals of the City of Yonkers, granting to the owner of said McLean Avenue premises a zoning ordinance variance so as to permit the erection of a six-story apartment house, the petitioners appeal from an order of the Supreme Court, Westchester County, entered April 19, 1963 upon the court's opinion, which confirmed the determination and dismissed the petition. Order affirmed, without costs. The variance sought to be annulled by the petitioners permitted the applicant for the variance to erect a six-story apartment building

55 feet in height on 6 lots. Part of such lots is in a zone which permits business and residential buildings to a height of 12 stories or 112½ feet, and part in another zone which permits business and residential buildings but limits the height of such structures to 4 stories or 35 feet. The proposed 6-story building on all the lots would be uniform and would exceed the permitted height in the 35-foot zone by 20 feet. The proposed plan complied with all other ordinance requirements. In our opinion, a zoning ordinance variance which relates to the height of a building is an area variance as distinguished from a use variance. An area variance may be granted on the ground of practical difficulties without a showing of hardship (*Matter of 293 North Broadway Corp.* v. *Lange,* 282 App. Div. 1056; *Matter of Ryback* v. *Murdock,* 1 A D 2d 132; *Matter of Village of Bronxville* v. *Francis,* 1 A D 2d 236, affd. 1 N Y 2d 839; *Matter of McManus* v. *Zoning Board of Appeals of City of New Rochelle,* 3 A D 2d 932; *Matter of Veragara* v. *Campbell,* 8 A D 2d 823, mot. for lv. to app. den. 7 N Y 2d 706; *Matter of Hartsdale Sta. Shopping Center* v. *Liberman,* 11 A D 2d 1073; *Matter of McInroy* v. *Grunewald,* 14 A D 2d 547; *Matter of Wachsberger* v. *Michalis,* 18 A D 2d 921). Beldock, P. J., Brennan and Hill, JJ., concur; Ughetta and Hopkins, JJ., concur in the result, with the following memorandum: In our opinion, where an applicant seeks a variance of the zoning ordinance so as to permit the erection of a structure higher than the limit authorized by the ordinance, the application necessarily is one for a use variance, or at least for a combined use variance and area variance. Upon such an application the applicant must establish both practical difficulties and unnecessary hardship (*Matter of Markovich* v. *Feriola,* 41 Misc 2d 1051, affd. 22 A D 2d 691; *Matter of Sagamore Road Corp.* v. *Lee,* 224 App. Div. 744, affd. 250 N. Y. 532; cf. *Matter of Ennis* v. *Crowley,* 12 A D 2d 999). However, we believe that here the applicant established both practical difficulties and unnecessary hardship within the requirements of *Matter of Otto* v. *Steinhilber* (282 N. Y. 71, 76), since half of his property lies within a zone limiting the height of an apartment building to 35 feet and since the other half lies within a zone limiting the height of an apartment building to 75 feet.