■ In the Matter of MARTIN ALBUM, Respondent, v. LENNARTH ANDERSON et al., Constituting the Zoning Board of Appeals of the City of Rochester, et al., Appellants.— Order unanimously reversed and determination confirmed, without costs, without prejudice, however, to renewal by petitioner of his application to the Zoning Board, if petitioner is so advised. Memorandum: Petitioner on the hearing before the board, as Special Term recognized, submitted no proof that the land in question could not yield a reasonable return if used only in conformity with the existing zoning regulation. This is one of the three requisite elements of proof before a board may exercise its discretion and grant a use variance on the ground of unnecessary hardship. (Matter of Otto v. Steinhilber, 282 N. Y. 71, 76.) In the absence of such proof it is unnecessary to consider the other two elements — (1) that the plight of petitioner is due to unique circumstances and (2) that the use to be authorized by the variance will not alter the essential character of the locality. (Matter of Gerling v. Board of Zoning Appeals, 6 A D 2d 247, 251.) We recognize that the Zoning Ordinance (§ 91-22) provides that after the Board of Appeals has denied relief following a hearing it shall not hold further hearings on the same or substantially similar applications unless the board shall make findings of changed conditions. We conclude, however, that upon the hearing herein before the board extraneous matters were injected therein that make it questionable whether appellant received a fair and impartial hearing. In the interests of justice our decision confirming the determination of the board .is without prejudice to the right of petitioner to renew the application if he is so advised. (Appeal from order of Monroe Special Term vacating the determination of the Zoning Board denying an application for a variance and remitting to board for further evidence.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLARD JACKSON, Appellant.— Appeal unanimously dismissed. Memorandum: The only matter which defendant seeks to review under the notice of appeal is the finding of guilt on February 3, 1954 and the original sentence thereon. He now wants to review the record of his trial in the same manner as though he had taken an appeal from the original judgment of conviction within the proper time. This he may not do after a resentence. According to the very language of the notice of appeal the question of the validity of the resentence is not raised. The defendant seeks to use the resentence as a vehicle to appeal from the original judgment of conviction. No such appeal now lies. (Appeal from judgment of Herkimer County Court convicting defendant of burglary, third degree, on February 3, 1954. Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JACOB NEWMAN, Appellant.— Determination of this appeal withheld and case remitted to Monroe County Court for a hearing and determination of the voluntariness of the defendant's confession in accordance with the procedures outlined in People v. Huntley (15 N Y 2d 72). (Appeal from order of Monroe County Court denying, without a hearing, motion to vacate a judgment of conviction rendered March 27, 1962.) Present — Williams, P. J. Bastow, Goldman, Henry and Del Vecchio, JJ.