■ In the Matter of EVELYN FINK et al., Respondents, v. JOHN CARUSONE et al., Constituting the Zoning Board of Appeals of the CITY OF SARATOGA SPRINGS, et al., Appellants.— REYNOLDS, J. Appeal from an order of the Supreme Court, Saratoga County, annulling a determination by the Zoning Board of Appeals of the City of Saratoga Springs which denied respondents' request of a variance and directing that a permit be issued for the erection of a gas station on the property involved. Respondents, Evelyn Fink and Fannie Schwartz, are the owners of adjacent parcels of land fronting on South Broadway, Saratoga Springs. Respondents Fink and Schwartz have each contracted to sell their property to respondent Sibarco Corporation which in turn proposes to clear both parcels and erect a gas station. The parcels, presently containing residential buildings, are located in a commercially zoned district. The zoning ordinance, however, expressly excludes gas stations as a permissible use in the area and sets a minimum lot size for commercial use of 15,000 square feet and a minimum width of 100 feet. (Each parcel alone is smaller than these prescribed minimums but as one parcel they would clearly satisfy both minimum requirements.) After unsuccessfully seeking a variance from the Zoning Board of Appeals, respondents brought the present action seeking to overturn the board's denial and Special Term granted the relief sought on the grounds that the board had not made sufficient findings and further that the zoning ordinance was confiscatory as applied to the property owners involved. Since the respondents seek to use the property for a purpose which is specifically prohibited by the zoning ordinance, they must sustain the burden of establishing " that (1) the

land in question cannot yield a reasonable return if used only for a purpose allowed in that zone; (2) that the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood which may reflect the unreasonableness of the zoning ordinance itself; and (3) that the use to be authorized by the variance will not alter the essential character of the locality." (*Matter of Otto* v. *Steinhilber,* 282 N. Y. 71, 76; *Matter of Gerling* v. *Board of Zoning Appeals,* 6 A D 2d 247.) While it is clear that respondents could satisfy the third requirement and at least arguable that the second would be met also, we find that there is a complete lack of proof as to the first requirement (*Mary Chess, Inc.* v. *City of Glen Cove,* 23 A D 2d 266). In *Matter of Forrest* v. *Evershed* (7 N Y 2d 256) after pointing out that a mere statement that an attempt was made to sell the property was not sufficient proof, the Court of Appeals stated: "it was not shown that any diligent and bona fide effort was made to sell the property. We are left to guess the means, if any, that were employed to effect a sale thereof. * * * Secondly, the proof on the issue of 'reasonable return' is deficient in another vital respect. This court has consistently held that a mere showing of a present loss is not enough. In order to establish a lack of 'reasonable return', the applicant must demonstrate that the return from the property would not be reasonable for each and every permitted use under the ordinance [citations]. * * *. Upon the record * * * the intervenors did not even suggest that they had explored the possibility of utilizing the property for a parking lot, a parish house or residence in connection with the adjoining synagogue, for a professional office as part of a dwelling, for a greenhouse, plant nursery [etc.] * * * — all permissible 'E' Residential uses * * * or establish that the alternative uses were economically impracticable." Manifestly this language applies here. When we consider that the Finks and Schwartzs occupied the premises as dwellings as well as for business purposes, the proof in the record would indicate that they were presently receiving a reasonable return on their investment. Similarly there is not only a lack of proof that the premises could not be sold or utilized profitably by the owners for a permitted use but rather proof in the case of Mrs. Fink that just prior to her contracting with Sibarco she was offered from $14,000 to $16,000 for her property to be used for a permitted use. Thus whether the properties be considered separately as Special Term insisted or as a joint parcel as the owners in fact dealt with them, the respondents have not met the requirements in *Matter of Otto* v. *Steinhilber* (*supra*), and thus are not entitled to the variance sought. In view of our holding that, as a matter of law, there is no proof to support the granting of a variance, we need not pass on the adequacy of the board's findings. Order reversed, on the law, and respondents' petition dismissed, without costs. Herlihy, J. P., Taylor, Aulisi and Hamm, JJ., concur.