Bernard S. Meyer, J.
This article 78 proceeding asks reversal of the denial by the Board of Appeals of the Town of Oyster Bay of petitioner’s application to vary off-street parking requirements by reducing the number of spaces required from 285 to 135. Petitioner owns a 99,729 square foot plot on which there is an existing building of 40,329 square feet. Petitioner seeks to add 19,171 square feet of warehouse space and at the public hearing introduced evidence that to add a second story to the building would (1) cost some $80,000 more than extending the building at ground level and (2) require more employees than would be required if all warehouse space is at ground floor level. Testimony was also introduced that not more than 60 cars were parked at any time, and, through a real estate expert, that there would be no adverse effect on surrounding properties. The application was made pursuant to section 14 of article XXI of the Town Zoning Ordinance which authorizes the Board of Appeals to reduce or eliminate off-street parking requirements ‘ ‘ whenever * * * the premises * * * shall be determined by the Board of Appeals to be suffering from an unnecessary hardship by reason of its inadequate area, general location and condition of the surrounding neighborhood.” The proceeding is dismissed.
To be emphasized is the fact that the application came before the board not under the last sentence of subdivision 5 of section 267 of the Town Law but pursuant to the authorization contained in the second sentence of subdivision 2 of that section to “hear and decide all matters referred to it or upon which it is required to pass under any such ordinance ’ ’. An application under subdivision 5 of section 267 is authorized ‘ ‘ Where there are practical difficulties or unnecessary hardships ” and the law is now quite clear that the unnecessary hardship standard applies only to use variance applications and that when the application is for an area variance only practical difficulty need be shown (Matter of Hoffman v. Harris, 17 N Y 2d 138; Matter of Wilcox v. Zoning Board of Appeals, 17 N Y 2d 249). Were practical difficulty the standard applicable to the present case, the board’s determination might well have to be reversed, in view of the greatly increased cost of two-story construction, petitioner’s willingness to accept a variance conditioned upon *499 continuance of the present use (office space: 3,400 square feet; fabricating area: 8,600 square feet; balance: warehouse space), and the absence of evidence controverting petitioner’s expert’s testimony that the value of surrounding properties would not be affected (Matter of Wilcox v. Zoning Board of Appeals, supra; Matter of Wachsberger v. Michalis, 19 Misc 2d 909, affd. 18 A D 2d 921).
The rule that special hardship need not be established as a condition to granting an area variance is, however, subject to the limitation that there be no “ statutory provision to the contrary ” (Matter of Village of Bronxville v. Francis, 1 A D 2d 236, 238, affd. 1 N Y 2d 839). Here the board passes upon the application as a matter referred to it by the ordinance, and the standard established by the ordinance is “unnecessary hardship”. Those are words of art, importing “that a particular property suffers a singular disadvantage ” (Matter of Hickox v. Griffin, 298 N. Y. 365, 370; see Matter of Otto v. Steinhilber, 282 N. Y. 71; People ex rel. Fordham M. R. Church v. Walsh, 244 N. Y. 280). No singular disadvantage has been shown by petitioner. Unnecessary hardship also implies that the land will not yield a reasonable return if the letter of the ordinance be enforced (Matter of Otto v. Steinhilber, supra). Petitioner has shown increased costs, but not costs so increased as to preclude a reasonable return. Moreover, the ordinance requires not just “unnecessary hardship” but “ unnecessary hardship by reason of inadequate area, general location and condition of the surrounding neighborhood Exactly what is meant by hardship growing out of “general location” or “condition of the surrounding neighborhood” as related to off-street parking is not entirely clear. What is clear is that the ordinance is phrased in the conjunctive, and that petitioner has at most shown that his problem arises out of area, not out of location and neighborhood condition as well.
In light of the standard specified in the ordinance, the court cannot conclude that the board acted unreasonably or arbitrarily in denying the application. The proceeding is, therefore, dismissed.