In the Matter of JAYNE ESTATES, INC., Appellant, v. J. MADISON RAYNOR et al., Constituting the Zoning Board of Appeals of the Incorporated Village of Westhampton Beach, Respondents

Christ, Acting P. J., Benjamin and Munder, JJ., concur; Brennan and Hopkins, JJ., dissent and vote to affirm the judgment, with the following memorandum: The Zoning Board of Appeals, after a hearing, denied appellant's application for a variance on the ground of unnecessary hardship. That denial was formulated in a written decision in which the board found that by far the largest group of parcels of land on Dune Road was devoted to single-family residences and that, although appellant might obtain a greater return if its property were used for other than single-family residences, appellant still could obtain a reasonable return from its property when used according to

the ordinance. In our opinion, the decision of the board was based on substantial evidence and may not be set aside. Petitioner did not present facts to satisfy the tests laid down in *Matter of Otto* v. *Steinhilber* (282 N. Y. 71, 75). Whether the construction costs under the abortive building permit may properly be deemed as a part of the capital investment of appellant under the test of a reasonable return is an issue which need not be determined. Doubtless, the board could validly consider that the construction costs could not be so treated, but, in any event, appellant proved nothing more than the present value of the land, as contrasted to its investment. There was no proof of what return might be reasonably expected if the property were developed for permitted uses. Nor was there any showing of unique circumstances by which this property might be distinguished.