Jasen, J. (dissenting).
In my opinion, the decision of the Zoning Board of Appeals denying the petitioner’s application for a variance on the ground of unnecessary hardship was based on substantial evidence and should not be set aside.
The petitioner must show, before the board may exercise its discretion and grant a variance upon the ground of unnecessary hardship, that “ (1) the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone; (2) that the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood which may reflect the unreasonableness of the zoning itself; and (3) that the use to be authorized by the variance will not alter the essential character of the locality. (Bassett [on Zoning (1936)], pp. 168, 169.) ” (Matter of Otto v. Steinhilber, 282 N. Y. 71, 76.)
Applying the foregoing test to determine whether ‘ ‘ unnecessary hardship ” for a use variance exists, I find that the record fails to indicate that the land cannot yield a reasonable return under the present ordinance. There was no proof of what return might be reasonably expected if the property were developed for permitted use. The test is not whether a higher yield can be expected if the variance is granted, but whether a reasonable return can be obtained if used only for a purpose allowed.
Under the rule in Matter of Otto v. Steinhilber (supra) the petitioner must also show that his plight is due to unique circumstances. I find insufficient basis in the record upon which to hold that the land is so affected.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan and Breitel concur with Judge Keating; Judge Jasen dissents and votes to reverse in a separate opinion.
Order affirmed.