■ EASTERN STATES DEVELOPMENT CORPORATION, Appellant, v TOWN OF IRONDEQUOIT et al., Respondents. (Appeal No. 1.)—Judgment unanimously affirmed, without costs. Memorandum: Eastern States Development Corporation (Eastern) purchased by one deed two contiguous parcels of land (known as Lots Nos. 1 and 3) in the Town of Irondequoit, Monroe County. Eastern applied for a special use permit to expand its existing facilities on Lot No. 1 located in a C-commercial zone. The town board granted the permit and Eastern proceeded with a half-million dollar improvement on Lot No. 1. It also spent $11,000 improving Lot No. 3 located in a R-1 residential zone, primarily for on-site parking for refrigerated trucks weighing in excess of three quarters of a ton used in its dairy storage and processing business. As a result of complaints from neighbors, the town investigated and determined that appellant's use of Lot No. 3 was in violation of town zoning laws. Eastern sought a declaratory judgment seeking an adjudication that its use was legal. The trial court dismissed Eastern's complaint and granted the town's counterclaim for an injunction prohibiting Eastern from parking trucks on Lot No. 3. Thereafter, appellant applied for a use variance which was denied by the zoning board of appeals. Its petition in an article 78 proceeding instituted as a result of that denial was dismissed by Special Term. Eastern has appealed from the denial of its claim for declaratory judgment and the dismissal of its petition in an article 78 proceeding. The record fails to demonstrate good faith reliance by appellant on an invalid permit as was the case in *Matter of Jayne Estates v Raynor* (22 NY2d 417). The special use permit granted appellant did not on its face refer to R-1 residential property. In fact, Eastern's president declared at the public hearing held in connection with the application for a use variance on August 5, 1974 that he did not inform the town clerk that he was attempting to park trucks on Lot No. 3 nor did he ask the clerk to make such application because he felt that Eastern had always used it for parking. Such statement leads inescapably to the conclusion that appellant did not rely upon an "invalid permit" but, rather, on its mistaken belief that it had a valid prior nonconforming use. This would not constitute action taken in reliance on a permit later revoked or on a zoning change, but rather on the existing permit which simply referred to Lot No. 1 and not to Lot No. 3. Appellant never obtained a special use permit for parking on Lot No. 3. The large percentage of the half-million dollars spent by Eastern was to improve its plant and facilities on Lot No. 1. The $11,000 (roughly 2%) spent to improve Lot No. 3 with no official sanction arose as a result of Eastern's own incorrect view that it had a valid permit when, in fact, no valid permit existed and Eastern had no reason to suppose that it did. Further, appellant has failed to show that the granting of the use variance would not alter the essential character of the locality. Lot No. 3 is surrounded on three sides by residential property. Neighbors immediately noticed and complained about the increased noise, dust and unsightliness created by appellant's use of 165 Perrin Drive. We conclude, therefore, that since appellant has failed to

prove "unnecessary hardship", the denial of a use variance was proper *(Matter of Otto v Steinhilber,* 282 NY 71). (Appeal from judgment of Monroe Supreme Court in declaratory judgment action.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Witmer, JJ.