■    In the Matter of CITIES SERVICE OIL COMPANY, Respondent, v ANTHONY J. SACCA et al., Constituting the Zoning Board of Appeals of the Town of Huntington, Appellants.—In a proceeding pursuant to CPLR article 78 to review three determinations of the appellant zoning board of appeals, each dated October 2, 1975 and made after a hearing, which denied separate applications by petitioner (1) for a use variance to operate a gasoline station, (2) for permission to install three 8,000 gallon gasoline storage tanks and (3) to legalize an existing free standing sign, the zoning board of appeals appeals from a judgment of the Supreme Court, Suffolk County, entered June 9, 1976, which (1) annulled the determinations and (2) remitted the matter to the said board "for issuance of the use and related permits subject to reasonable conditions." Judgment reversed, on the law, with costs, determinations confirmed, and petition dismissed on the merits. In *Matter of Otto v Steinhilber* (282 NY 71, 76), the Court of Appeals held: "Before the Board may exercise its discretion and grant a variance upon the ground of unnecessary hardship, the record must show that (1) the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone; (2) that the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood which may reflect the unreasonableness of the zoning ordinance itself; and (3) that the use to be authorized by the variance will not alter the essential character of the locality." These principles were restated and reviewed in *Matter of Forrest v Evershed* (7 NY2d 256). In our opinion, petitioner clearly did not meet its burden of establishing the first and second above-cited of the three *Otto* requisites. We particularly note that (1) at the public hearing petitioner failed to present any proof of any actual attempt to sell or lease its property and admitted that it had never offered the property for sale, and (2)

petitioner did not present any proof to establish either initial investment or the present market value under the present zoning (see *Matter of Forrest v Evershed,* 7 NY2d 256, *supra).* Under the facts of this case it cannot be concluded that efforts to sell or lease under the present zoning would be futile and that the board's determination did not have a rational basis in the record. Cohalan, Acting P. J., Rabin, Shapiro and O'Connor, JJ., concur.