*965 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The board found and the evidence sustains the finding that the land cannot yield a reasonable return as zoned, the cost of constructing residences being more than three times the potential sales price; that the grant of a variance permitting use for a period of 15 years as enclosed tennis courts would not change or impair the character of the adjacent properties or significantly affect traffic or pollution; and that the owner’s difficulty arises from the swampy nature of his property. Thus, the essentials for the granting of a variance (see Matter of Otto v Steinhilber, 282 NY 71, 76) have been met, unless the fact that other property within this residential district also is swampy requires, as appellant argues and the dissenters below agreed, a holding that the requisite uniqueness cannot be found and the owner’s only relief must be in a declaratory judgment action or by a change in zoning.
Uniqueness does not require that only the parcel of land in question and none other be affected by the condition which creates the hardship (Beatrice Block Club Assn. v Facen, 40 Mich App 372, 380-382; see Matter of Jayne Estates v Raynor, 22 NY2d 417, 425; 2 Anderson, New York Zoning Law and Practice 33, § 18.24; 3 Rathkopf, Law of Zoning and Planning, p 38-15, § 38.02). What is required is that the hardship condition be not so generally applicable throughout the district as to require the conclusion that if all parcels similarly situated are granted variances the zoning of the district would be materially changed. What is involved, therefore, is a comparison between the entire district and the similarly situated land. Though there are other swampy parcels in the area we cannot say on this record either that as a matter of law the board could not find uniqueness or that in making the finding* it did it acted arbitrarily or capriciously. The more so *966 is this true in view of the confiscatory nature of the present zoning in relation to the subject parcel and the time limit imposed by the board on the variance it granted.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg. and Meyer concur.
Order affirmed, with costs, in a memorandum.

 “These unique physical conditions result in practical difficulty and unnecessary hardship to the owner, which are not due to circumstances created generally by the strict application of the provisions of the Zoning Resolution in the district in which the subject property is located.”