Bergan, J.
The amendment by ordinance of January 21, 1967 of the general zoning ordinance of the Town of Manlius by its Town Board to create a new classification, ‘ Regional Shopping District ’ ’, and to change the classification of the 50-acre tract, Andrea Acres, from residential shopping district to the new regional shopping district was in conformity with the statutory powers of the board and the Appellate Division was right in sustaining it.
The record discloses a careful and long-continued study by the board of the problem of how best to accommodate the need for commercial development in the town and the over-all protection of residential rights and property values.
There are inherent difficulties in demonstrating the existence of the “comprehensive plan” required by section 263 of the Town Law. Those difficulties were examined in Udell v. Haas (21 N Y 2d 463). The town in the present case has sufficiently demonstrated both the existence of a sufficient plan and the conformity with it of the challenged ordinance to meet the statutory test.
Thus, the conclusion reached at the Appellate Division that the board “ acted for the benefit of the community as a whole to establish limited commercial development in the Town with suitable protection to the surrounding properties ” is warranted by this record.
The second, and related, ordinance enacted the same day imposing restrictions and conditions upon the use of the property as rezoned was held invalid by the Appellate Division, sustaining in this respect the judgment granted at Special Term.
Invalidity was not based on a consideration of the propriety or merits of the restrictions which the Appellate Division noted ‘ ‘ were imposed for the protection of neighboring owners, including respondents [plaintiffs] ”, but because of a purported defect in notice of hearing as to these conditions.
*112 The notice of the hearing on the proposed zoning change stated that the board “ may impose such reasonable conditions as to cause the least disturbance of and the greatest harmony with adjoining or adjacent residential districts Plaintiffs were represented by counsel who spoke at length at the hearing which was attended by some 700 interested persons and lasted many hours.
The Appellate Division observed that if plaintiffs had more precise notice of what conditions would have been imposed, they would have been able ‘ ‘ to urge even more stringent conditions ”. But in the elaborate briefs and arguments in this court by plaintiffs, there is not the slightest suggestion of any additional conditions to be imposed appropriate for their protection to justify any need to remit to the board to consider additional protection. Indeed, many of the conditions followed recommendations of the Onondaga County Planning Board.
No prejudice, therefore, has been shown by plaintiffs in the imposition of the conditions which, here, as in Church v. Town of Islip (8 N Y 2d 254, 259), “ were intended to be and are for the benefit of the neighbors
Plaintiffs argue, rather, that the zone change ordinance and the conditions imposed on use are so much ‘ ‘ an integral part of any plan which would justify the change ” that if the conditions are “ exorcised ” the whole zoning amendment “must fall If this suggestion is followed literally it would mean that plaintiffs, without showing any prejudice to them in the nature of the conditions imposed for their benefit, would be able to employ a purported notice deficiency as to the conditions alone to invalidate the entire zoning ordinance.
The order should be modified by reversing so much thereof as holds the ordinance imposing conditions on the use of the regional shopping center invalid; and otherwise affirmed, without costs.
Chief Judge Full and Judges Jasen and Gibson concur with Judge Bbrgan ; Judges Scileppi and Breitel dissent in part with respect to the issue of conditions and vote to affirm for the reasons stated in the opinion at the Appellate Division; Judge Burke taking no part.
Ordered accordingly.