■ ROBERT KERWICK, Respondent, v ORANGE COUNTY PUBLICATIONS DIVISION OF OTTAWAY NEWSPAPERS, INC., Appellant.—Appeal from so much

of an order of the Supreme Court at Special Term, entered May 7, 1979 in Ulster County, which, in a defamation action, denied defendant's motion for summary judgment. There should be a reversal. Since plaintiff is a public official, he may not recover damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with actual malice, i.e., with knowledge that the statement was false or with reckless disregard of whether it was false or not *(New York Times Co. v Sullivan,* 376 US 254, 279-280). A newspaper editorial published by defendant criticized the practice in the Town of Hardenburgh, New York, in which "an assessor approves tax exemptions for Universal Life Church 'ministers', then promptly becomes one himself, escaping taxes." Plaintiff, the tax assessor for the Town of Hardenburgh, informed the newspaper that he was not a member of that church, that he did not own any real property in the town, and that he did not grant tax exemptions for himself. The newspaper promptly thereafter published a retraction in which it apologized for incorrectly stating that plaintiff benefited from tax exemptions. To defeat a motion for summary judgment, plaintiff must establish by evidentiary proof in admissible form that triable issues of fact exist as to the actual maliciousness of the editorial *(Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065; *Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, 384). A. N. Romm, the editorial page editor, testified at an examination before trial that he had relied solely upon his memory in writing the editorial, and in a supporting affidavit he explained that he mistakenly confused the town tax assessor with the town supervisor. Upon learning of his mistake, he promptly published a retraction, which, in our view, has a bearing on the absence of actual maliciousness (cf. *New York Times Co. v Sullivan, supra,* pp 286-287). At most, negligence has been established for which defamation liability will not here attach (see *Garrison v Louisiana,* 379 US 64, 79), and outside of conclusory assertions, nowhere has plaintiff tendered evidentiary proof of the "intent to inflict harm through falsehood" (379 US 64, 73; see *Cohn v National Broadcasting Co.,* 67 AD2d 140, 145; *Silbowitz v Lepper,* 32 AD2d 520, 521), by way of the editor's mistaken reliance upon his memory. Accordingly, defendant's motion for summary judgment should have been granted. Order reversed, on the law, motion granted and complaint dismissed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.