■ In the Matter of MIRACLE MILE ASSOCIATES et al., Respondents, v DEPARTMENT OF ENVIRONMENTAL CONSERVATION OF THE STATE OF NEW YORK et al., Respondents, CITY OF ROCHESTER et al., Appellants, and SOUTH TOWN PLAZA, INC., Intervenor-Appellant.—Judgment unanimously affirmed, with costs. Memorandum: Petitioners in this article 78 proceeding seek to vacate a declaratory ruling of the General Counsel of the Department of Environmental Conservation which held that their proposed shopping center project in the Town of Henrietta was subject to the requirements of the Freshwater Wetlands Act (ECL, art 24, eff Sept. 1, 1975). As Special Term noted, and all parties apparently concede, counsel for the department erroneously relied on ECL 24-1305 (subd [c]) in ruling that petitioners were subject to the terms of the statute. The pertinent subdivision was subdivision (b) which states that the provisions of the act do not apply to any land development which previously received a "final approval" from the appropriate local government authority. "Final approval" means "in the case of a site plan not involving the subdivision of land, approval by the appropriate body * * * of [the town] of the site plan." Petitioners contend that their property is exempt because they received "final approval" of the site for their proposed shopping center from the town board in 1974. Appellants contend that the board's action could not qualify as final approval because no site plan was required under town ordinances and none was submitted or finally approved. Petitioners' proposal included plans, drawings and renderings submitted to the town board and explained at the public hearing by their engineers and architects. The material was considered by the town board and it was a necessary part of the application to rezone. It constituted a "site plan" within the intendment of the statute and it was considered as such by the town board. At the hearing, counsel for petitioners stated that a

final ruling on the project was necessary so that petitioners could proceed with contracts and lease arrangements and the town board expressly gave that "final approval" by its resolution of December 4, 1974. It was the only body in the town then authorized to do so (Town Law, § 274-a, eff 1976). The board could properly elect to condition the zone change, as it did, on its subsequent review of the location of traffic exits, petitioners' compliance with the existing drainage ordinances, landscaping, etc. (see *Albright v Town of Manlius,* 28 NY2d 108; *Church v Town of Islip,* 8 NY2d 254; 1 Anderson, New York Zoning Law and Practice [2d ed], § 8.13). Its decision to do so, however, did not alter the fact that the site plan was submitted to the board, considered by it and, as its resolution stated, "approved without the need for further site plan approval." The site plan having been approved prior to the effective date of the Freshwater Wetlands Act, petitioners were not required to comply with the act's provisions. (Appeals from judgment of Monroe Supreme Court—art 78.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ. [98 Misc 2d 519.]