Robert P. Roche, Respondent, v Hearst Corporation et al., Appellants.

Third Department, January 31, 1980

## APPEARANCES OF COUNSEL

*O'Connell & Aronowitz, P. C. (Peter L. Danziger* and *Robert E. Ganz* of counsel), for appellants.

*David W. Morris* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Plaintiff, the former County Attorney of Albany County, commenced this action to recover damages arising out of alleged defamatory articles and editorials appearing in the *Knickerbocker News,* a newspaper owned and published by defendant The Hearst Corporation. Special Term thereafter denied defendants' motion for summary judgment dismissing the complaint, based on its conclusion that a jury issue existed as to the truth or falsity of the charges, and that defendants' supporting affidavits raised issues of credibility precluding summary judgment.

There should be a reversal. Since plaintiff was a public official, he may not recover damages for a defamatory falsehood relating to his official conduct unless he proves that the statements were made with actual malice, i.e., with knowledge that the statements were false or with reckless disregard of whether they were false or not *(New York Times Co. v Sullivan,* 376 US 254, 279-280). Moreover, "[t]o defeat a motion for summary judgment, plaintiff must establish by evidentiary proof in admissible form that triable issues of fact exist as to the actual maliciousness of the [statements] [citations omitted]" *(Kerwick v Orange County Pub. Div. of Ottaway Newspapers,* 72 AD2d 901). Plaintiff has failed to establish a fact question not only as to whether the statements in issue were made with actual malice, but also as to whether the statements were actually false.

On August 14, 1974 an article in the *Knickerbocker News,* coauthored by defendants Weingarten and Bigos, alleged that "Albany County Attorney Robert Roche [plaintiff] has a hidden financial interst in real estate that stood to benefit from a road extension project Roche himself indorsed before the

county legislature * * * Roche supported the measure in June when it came up before the legislature, without disclosing his financial ties to the land." It stated that Roche was a shareholder of the Cheshire Corp. (Cheshire), which held title to a 10-acre site in the Pine Bush which would have increased in value if the county legislature approved a measure which would have transferred county-owned land to the City of Albany in order to construct a road that would have come within 500 feet of the otherwise landlocked parcel. The article also stated that in 1964 Roche formed Cheshire to purchase the property from a widow represented by plaintiff, and it quoted an opinion of the New York State Bar Association which stated that "where a lawyer is principal to a transaction, it is improper for him to purport to represent the other party." The article claimed Roche's "interest in the property * * * had been a well-kept secret, buried in the files of a corporation he formed 10 years ago". The article further stated that Roche had filed papers with the State Supreme Court and the Albany City assessor's office protesting assessment hikes on behalf of Cheshire and the widow, and that "in protesting the assessment hikes, Roche would be representing parties whose interests conflict with the interests of the county".

On August 23, 1974, an editorial in the *Knickerbocker News* stated that Mr. Roche's actions "approached a conflict of interest resulting from his unrevealed financial holding" and that "aspects of Mr. Roche's participation in the corporation * * * presented evidence tending to indicate that the canons of ethics of the State Bar Association were bent". The editorial stated that Mr. Roche had asked for an investigation by the State Bar Association and a special committee of the county legislature. In a subsequent editorial explaining why the newspaper had not allowed its reporters to appear before the special committee, defendant Fichenberg, the executive editor of the newspaper, reiterated the substance of the accusations.

On October 29, 1974 the *Knickerbocker News* reported that the special committee of the Albany County Legislature had agreed unanimously that Roche was not involved in a conflict of interest with respect to the Pine Bush land. In the same edition, Fichenberg wrote another editorial in which he charged that the committee's purported investigation was a "white wash", and in which he repeated the accusations

against Roche in the context of the committee's failure to fully investigate the facts.

"Before knowing falsity or reckless disregard for truth can be established, the plaintiff must establish that the statement was, in fact, false" *(Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, 380). Plaintiff contends first that the portrayal of his representation of Mrs. Gallo, referred to as the Albany widow in the article, was false. We disagree. The article stated that plaintiff had an interest in Cheshire and that Cheshire had purchased the land from Mrs. Gallo. It then quoted a portion of an opinion by the New York State Bar Association to the effect that if a lawyer is a principal party in a transaction, he may not represent the other party. Plaintiff admits that he had an interest in Cheshire when he represented Mrs. Gallo, but he urges that the article selectively quotes the opinion. He notes that the opinion states that an attorney may represent both the seller and buyer in a transaction if there is complete disclosure to the clients, which occurred in this case. However, the opinion deals with two questions: dual representation and representation when the attorney is a principal in the transaction. As a stockholder in Cheshire, plaintiff's representation fell into the latter category with which the portion of the opinion quoted by the defendants accurately dealt. Accordingly, plaintiff has failed to demonstrate that a factual question exists as to whether this portion of the articles was false.

Next, there is no merit to plaintiff's claim that the accusations that his interest in the land was "hidden" and "unrevealed" were false. It is true that plaintiff's shareholder status was not a matter of public record. Additionally, plaintiff does not deny that those persons to whom he claims to have revealed his interest in Cheshire denied knowledge of plaintiff's interest when contacted by defendant Bigos. Rather, plaintiff urges that the question asked by Bigos was so deceitful as to purposefully elicit a negative response. The question was: "Do you know if Bob Roche owns or has any interest in land in the Pine Bush". We do not think that this question was misleading. The phrase "any interest in" was directed to the principal question in issue, plaintiff's status as having an interest in the Pine Bush. The persons questioned were county legislators from whom plaintiff did not obtain affidavits as to whether or not they were misled or were aware of plaintiff's interest in the land. Accordingly, it is clear that plaintiff has

failed to demonstrate the falsity of these charges. Plaintiff also alleges that the article is false in that it states that he "indorsed" and "supported" the proposal to build the road. However, he admits that he "advised" the legislature that it had previously committed itself to convey the land to the City of Albany. Moreover, defendants claim that at least two legislators informed them that Roche had been in favor of the proposal. Plaintiff again failed to produce affidavits from any members of the county legislature refuting these statements.

In summary, we conclude that plaintiff has failed to raise a triable issue of fact with respect to the truthfulness of any charge.

Assuming *arguendo* that the articles and editorials contained false statements, outside of conclusory assertions, plaintiff has failed to establish that the statements were made with actual malice within the meaning of *New York Times Co. v Sullivan* (376 US 254, 279-280, *supra).*

In their supporting affidavits, defendants Weingarten and Bigos set forth in detail facts supporting their contention that the article published on August 14, 1974 was a "true and accurate account" of the results of their full investigation concerning plaintiff, and that they believed that the article was "true in all respects * * * was published in good faith and without malice concerning a matter of public interest regarding a public official." Defendant Fichenberg alleged that he "believed in the truth of the facts" contained in the August 14, 1974 article upon which the subsequent editorials that he wrote were based. He alleged that the reporters had been previously reliable sources of information on numerous occasions; that they were extensively questioned regarding the sources of their information, their investigative techniques and the accuracy of the information appearing in the August 14 article; and that the article had been reviewed by several editors and attorneys for the newspaper. He also asserted that the editorials in question consisted of opinion and editorial comment concerning matters of public interest regarding a public official.

■ ■ Plaintiff's proof in opposition thereto was insufficient to create a fact question on the issue of actual malice. Plaintiff submitted only an affidavit by his attorney, made without personal knowledge and thus with no probative value on a motion for summary judgment *(Chickering v Colonial Life Ins. Co. of Amer.,* 51 AD2d 566, 567). The complaint contains only

conclusory allegations that the statements were made with actual malice, and the bill of particulars contains no factual allegations whatsoever tending to show that defendants knew that the charges in the articles and editorials were false or that they were made with reckless disregard of whether they were false or not.

■ Plaintiff has made no showing that defendants "in fact entertained serious doubts as to the truth of [their] publication[s]" *(St. Amant v Thompson,* 390 US 727, 731); or made "a showing of highly unreasonable conduct constituting an extreme departure from the standards of investigation and reporting ordinarily adhered to by responsible publishers" *(Curtis Pub. Co. v Butts,* 388 US 130, 155); or showed a "high degree of awareness of * * * probable falsity" *(Garrison v Louisiana,* 379 US 64, 74). Additionally, the opinions expressed in the editorials were supported by facts which were set forth, and, therefore, the opinions, whether false or libelous, may not be the subject of a private defamation action *(Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, 380, supra).

Accordingly, defendants' motion for summary judgment should have been granted.

The order should be reversed, on the law, without costs, the motion granted, and the complaint dismissed.

GREENBLOTT, J. P., STALEY, JR., MAIN, MIKOLL and HERLIHY, JJ., concur.

Order reversed, on the law, without costs, motion granted, and complaint dismissed.