OPINION OF THE COURT
Memorandum.
The order of the Appellate Division insofar as appealed from should be affirmed, with costs (see 92 AD2d 218).
Petitioners seek in this article 78 proceeding to annul revisions to the zoning resolution and zoning map of the City of New York which established a new Special Manhattan Bridge District and also to annul and vacate a special permit granted to Overseas Chinese Development Corporation (OCD) to construct a condominium in the new district. They allege that the revisions and the permit are void because respondents provided insufficient notice of the hearings before the Community Board and the City Planning Commission (CPC) prior to amendment of the zoning ordinance and the map. Specifically, they challenge sections 4.030 and 6.050 of the Uniform Land Use Review Procedure (ULURP) and contend that those sections violate the intent of section 197-c of the New York City Charter. The special permit granted OCD has now been *902 withdrawn and the parties agree that the issue is not before us.
Section 197-c, the Uniform Land Use Review Procedure (ULURP), became a part of the New York City Charter by referendum of the city voters on November 4,1975. Pursuant to its provisions zoning changes are preceded by public hearings, before the appropriate community board, before the CPC and before the Board of Estimate (City Charter, § 197-c, subds c, e, f). Subdivision c of section 197-c provides that before acting “[e]ach such community board shall * * * (1) notify the public of the proposal or application in a manner specified by city planning commission”, conduct a public hearing and prepare and submit a written recommendation to the City Planning Commission. The City Planning Commission has provided in section 4.030 of the ULURP guidelines that notice of a public hearing before a community board shall be given by publication in the City Record and the Comprehensive City Planning Calendar. Section 6.050 provides that similar notices should precede public hearings before the CPC. Notices of public hearing were given as provided but petitioners challenge them as inadequate and contrary to the mandate of the City Charter.
The general rule is that a public notice which complies with the provisions of the statute will be upheld even though arguably a better method could be devised. If the statute is silent on the method of notice, provisions which implement a broad mandate, such as that of section 197-c, will be upheld if notice is “given in any form that is reasonably adapted to inform the public generally that the application will be heard” (Ottinger v Arenal Realty Co., 257 NY 371, 377). As the court below found, the publication provided for by the supplementing provisions of ULURP meets this standard of reasonableness.
Petitioners also contend on this appeal that the zoning amendment is void because the Special Manhattan Bridge District was not adopted in conformance with a well-considered plan and they seek an evidentiary hearing to prove their contention. There is nothing in the record to establish that petitioners sought such relief in their petition or requested a hearing at Special Term, however, and *903 they have thereby waived any right they may have had to a hearing (see Telaro v Telaro, 25 NY2d 433). Moreover, the Manhattan Bridge Area Study, published by the City Planning Commission in 1979 and included in the record on this appeal, reveals that the proposed revision and the effect it would have upon the health, safety and welfare of the affected community was considered before its adoption and that study fulfilled the requirement that the revision be adopted pursuant to a well-considered plan (see Albright v Town of Manlius, 28 NY2d 108; Udell v Haas, 21 NY2d 463). In view of this evidence and the strong presumption of validity which attaches to a municipality’s exercise of its zoning powers (Town of Huntington v Park Shore Country Day Camp, 47 NY2d 61), denial by the Appellate Division of petitioners’ request for a hearing on the issue was not an abuse of discretion as a matter of law.
Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer, Simons and Kaye concur.
Order, insofar as appealed from, affirmed, with costs, in a memorandum.