■ In the Matter of ROGER SCOTT et al., Petitioners, v JOHN H. MANILLA, as Building Inspector of the Town of Skaneateles, et al., Respondents. ROGER SCOTT et al., Respondents, v JOHN MANILLA, as Zoning Enforcement Officer of the Town of Skaneateles, et al., Appellants.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: The court erred in denying defendants' motion for summary judgment dismissing plaintiffs' first cause of action alleging that the 1966 Zoning Ordinance was enacted in violation of the notice requirements of Town Law § 264. Town Law § 134, relating to proof of ordinances and maps, provides that "[t]he certificate of the town clerk setting forth that the records of the town show the adoption of one or more ordinances and the publishing thereof as required by this chapter shall be presumptive evidence of such adoption and publication in any action or special proceeding in any court or otherwise". This provision was "designed to obviate the sometimes troublesome and inconvenient need to prove formal procedures underlying the

enactment of public ordinances and to require one who challenges the formal adoption or publication to offer proof on this subject" *(People v Hawk Sales Co.,* 17 NY2d 504, 505). Hence, the certification of the Town Clerk that the Ordinance was duly passed is presumptive evidence of its adoption, publication and posting, and must be taken as established in the absence of a question of fact as to its proper passage being raised *(see, Town of Binghamton v Gillett,* 46 Misc 2d 48, 49). Here, the certification of the Town Clerk as to the adoption, publication and posting of the 1966 Zoning Ordinance was submitted by defendants. Plaintiffs failed to come forward with proof in evidentiary form to show the existence of a question of fact, as was required *(see, Zuckerman v City of New York,* 49 NY2d 557). The affidavit of an attorney not based upon personal knowledge has no probative value, is hearsay and must be disregarded *(see, Roche v Hearst Corp.,* 72 AD2d 245, 249, *affd* 53 NY2d 767). Similarly, the copy of the unverified letter purportedly written by the Sennett Town Clerk lacks probative value.

Special Term also erred in granting plaintiffs' cross motion declaring paragraph (2) (b) of section VI of the 1977 amendment to the Zoning Ordinance invalid, null and void. Plaintiffs' property, a nonconforming lot under the 1966 Zoning Ordinance, was exempt from the lot and building limitations of the 1977 amendment. Consequently, plaintiffs failed to show that the 1977 amendment operates to diminish the value of their property. Moreover, defendants' motion for summary judgment seeking dismissal of plaintiffs' first and third causes of action, which allege that the 1977 amendment was unconstitutional, was improperly denied because plaintiffs lack standing to raise their constitutional challenges *(see, Albright v Town of Manlius,* 28 NY2d 108, 112, *rearg denied* 29 NY2d 649).

We also conclude that plaintiffs' third cause of action, which alleges that the 1977 amendment violates Town Law §§ 262 and 263 because it permits nonuniform zoning within like-zoned districts and because it was not made in accordance with a comprehensive plan, must also be dismissed because that amendment does not apply to their property *(see, Albright v Town of Manlius, supra,* at 112).

Further, we conclude that plaintiffs have failed to assert that their property will not yield a reasonable return under any of the uses permitted by the 1966 Zoning Ordinance, and therefore, have not shown that the Ordinance is unconstitutional *(see, Matter of National Merritt v Weist,* 41 NY2d 438,

445). Accordingly, defendants are entitled to summary judgment dismissing plaintiffs' first cause of action which alleges that the 1966 Zoning Ordinance is unconstitutional.

Finally, plaintiffs' fourth cause of action should have been dismissed because plaintiffs are unable to assert an identifiable harm from the alleged failure to record the 1977 amendment (see, Albright v Town of Manlius, supra, at 112).

In sum, plaintiffs' first, third and fourth causes of action should have been dismissed in their entirety. (Appeal from order of Supreme Court, Onondaga County, Balio, J.—summary judgment.) Present—Callahan, J. P., Doerr, Green, Pine and Davis, JJ.