■ ROGER SCOTT et al., Appellants-Respondents, v JOHN MANILLA, as Building Inspector of the Town of Skaneateles, et al., Respondents-Appellants.—Order and judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings, in accordance with the following memorandum: We conclude that there is no reasonable interpretation of the evidence that could support Supreme Court's determination that petitioners' new residence was "legitimately constructed". It is undisputed that the residence substantially exceeded the square footage and cubical content of petitioners' former residence, a prior nonconforming structure. Therefore, petitioners' rebuilt residence violates section IV (A) of the Town of Skaneateles Zoning Ordinance which provides that "[a] nonconforming building which has been destroyed by any means beyond control of the owner or lessee may be restored provided the use thereof is the same as before and only if

reconstructed with the same or less cubical content and with the same general layout of that of the original structure". Petitioners assert that a former building inspector gave them oral permission to rebuild the new residence as it is presently constructed. The building inspector, however, lacked authority to permit construction of a building in contravention of the town's Zoning Ordinance and "his issuance of the permit conferred no rights on petitioners" *(Matter of Rejman v Welch,* 112 AD2d 795; *see also, Matter of Parkview Assocs. v City of New York,* 71 NY2d 274). Moreover, it is settled that a municipality may not be estopped from enforcing its zoning laws either by the mistaken or erroneous issuance of a building permit or by laches *(see, Matter of Parkview Assocs. v City of New York, supra,* at 282; *City of Yonkers v Rentways, Inc.,* 304 NY 499, 505). Respondents are entitled to the relief sought in their fourth counterclaim insofar as they established that petitioners' residence as reconstructed does not comply with the Zoning Ordinance. Accordingly, we remit the matter to Supreme Court to determine an appropriate remedy to effectuate compliance with the Zoning Ordinance.

In all other respects the order and judgment appealed from should be affirmed. We add only that petitioners' challenge to the validity of the Zoning Ordinance was previously found to be lacking in merit in our memorandum decision in *Matter of Scott v Manilla* (144 AD2d 1001). Therefore, petitioners are barred from relitigating this issue by application of the doctrine of res judicata. (Appeals from order and judgment of Supreme Court, Onondaga County, Miller, J.—art 78.) Present —Callahan, J. P., Doerr, Denman, Lawton and Davis, JJ.