STANLEY PARK, INC., Appellant, v. JOHN DONOVAN et al., Constituting the Board of Appeals of the Incorporated Village of Freeport, Respondents.— In a proceeding pursuant to article 78 of the CPLR to review respondents' determination dated August 19, 1970, which denied petitioner's application

for certain zoning variances, the appeal is from a judgment of the Supreme Court, Nassau County, dated December 15, 1970, which dismissed the petition. Judgment reversed, on the law, without costs, and petition granted to the extent that respondents are directed to issue the use variance sought by petitioner and to reconsider the portions of petitioner's application which were for permission (1) to construct and operate a restaurant with a 10-foot setback and (2) to construct and maintain a free-standing sign (cf. *Stanley Park, Inc.* v. *Donovan,* 34 A D 2d 690). In our opinion the "dollars and cents" evidence elicited by petitioner on the rehearing, together with the inferences reasonably to be drawn therefrom and from the other evidence, established that the subject premises cannot yield any reasonable return if used only for the purposes allowed within the zone in which it is located. In these circumstances respondents' denial of petitioner's application for a use variance was arbitrary, capricious and an abuse of discretion. Rabin, P. J., Hopkins, Martuscello and Brennan, JJ., concur; Munder, J., dissents and votes to affirm the judgment, with the following memorandum: I dissent on the ground there was a failure of proof. Petitioner failed to establish that the premises would not yield a reasonable return for each and every permitted use under the ordinance. As we stated when this case was previously before us, "Absent such proof, no right to a variance is established" (*Stanley Park, Inc.* v. *Donovan,* 34 A D 2d 690, 691; see *Matter of Otto* v. *Steinhilber,* 282 N. Y. 71). Petitioner seeks a use variance to permit the conduct of a restaurant on premises presently owned by it which are located in a Business A A zoning district. A restaurant is not a permitted use in such a district. The permitted uses include office buildings, one-family homes, two and one-half story apartment houses, professional buildings, banks and several others. Suffice it to say, dollars-and-cents proof was *not* given to show that each of these uses would not produce a reasonable return. The proof consisted mainly of conclusory statements by real estate experts that a certain use, e.g., a bank, would not be economical, because of the proximity of similar uses or because of high construction costs, or because of inadequate parking. The claim was made that the premises were advertised for sale in *The New York Times* on three occasions without success in 1968, but no proof was given as to the price and terms upon which the premises were offered. The ads themselves contained no asking price. The claim was made that the premises could not produce a reasonable return as an office building, but the proof offered, again, was not the specific financial type which the courts have always required (see, e.g., *Matter of Crossroads Recreation* v. *Broz,* 4 N Y 2d 39). The testimony that was given was to the effect that there was already an excess of vacant office space in the village and that it was unlikely that additional space at the site would attract tenants. It seems to me that in view of such proof, or lack of it, the respondent board was well within its bounds in *denying* the use variance in this case. It may well be true that the premises in question and the surrounding area would be aesthetically improved if petitioner's request were granted, but that has no bearing on the issue of economic hardship (see *Matter of Crossroads Recreation* v. *Broz, supra,* p. 46). Similarly, a showing of mere pecuniary loss is not sufficient, particularly when, as here, petitioner's own witnesses agree that petitioner bought the property for more than it was worth (see *Matter of Young Women's Hebrew Assn.* v. *Board of Standards & Appeals,* 266 N. Y. 270). Furthermore, it purchased the land with full knowledge of the limitation of its use. The situation here has no resemblance whatever to that in *Stevens* v. *Town of Huntington* (20 N Y 2d 352) or to that in *Matter of Jayne Estates* v. *Raynor* (22 N Y 2d

417), upon which petitioner relied. In each of those cases the plight of the owner was indeed unique and the economic effect of the zoning classification was an almost complete destruction of the value of the land for any purpose. Here, petitioner has not shown that the uniqueness of its premises is the cause of its alleged financial plight (*Matter of Otto* v. *Steinhilber,* 282 N. Y. 71, *supra; Matter of Fasani* v. *Rappaport,* 30 A D 2d 588). I think the *Young Women's Hebrew Assn.* case, cited above, contains language pertinent at bar (*supra,* pp. 276–277) : "To cure by exemption in this case the loss resulting to one owner from general deterioration of a neighborhood is to depreciate the adjacent properties of other owners, and is unjust also to those whose properties remain subject to the same restriction in other localities likewise impaired. Moreover, such a theory of variation would in the long run defeat the general purpose of a zoning law. We are in accord with the reasoning of the Supreme Judicial Court of Massachusetts in *Prusick* v. *Board of Appeal* (262 Mass. 451), where Rugg, Ch. J., said for the court (p. 457) : 'It is manifest from the general purpose underlying any zoning act * * * that the power to vary the application of the act is to be exercised sparingly. Exceptional circumstances alone justify relaxation in peculiar cases of the restrictions imposed by the statute. The dominant design of any zoning act is to promote the general welfare. * * * The stability of the neighborhood and the protection of property of others in the vicinity are important considerations. The financial situation or pecuniary hardship of a single owner affords no adequate ground for putting forth this extraordinary power affecting other property owners as well as the public.'" The hardship, if any exists as to the parcel in question, is common to the whole neighborhood. In such a case the remedy must be by a change in the zoning ordinance itself (*Arverne Bay Constr. Co.* v. *Thatcher,* 278 N. Y. 222, 233; *Matter of Levy* v. *Board of Standards & Appeals,* 267 N. Y. 347; *Matter of Fasani* v. *Rappaport, supra,* p. 590).