ROCHESTER POSTER ADVERTISING CO., INC., Respondent, v TOWN OF BRIGHTON, Appellant.

Fourth Department, November 6, 1975

*Antell, Harris, Githler & Calleri (Charles H. Githler, II,* of counsel), for appellant.

*Harris, Beach & Wilcox (Henry W. Williams, Jr.,* of counsel), for respondent.

*Hancock, Estabrook, Ryan, Shove & Hust (Carl Peterson, Jr.,* of counsel), for Richards "Of Course", Inc., *amicus curiae.*

*Mazza, Williamson & Clune (Robert I. Williamson* of counsel), for RHP, Inc., *amicus curiae.*

*De Graff, Foy, Conway & Holt-Harris (Michael Cunningham* of counsel), for Murphy Outdoor Advertising Corp., *amicus curiae.*

*Donald A. Campbell* for Adirondack Outdoor, Inc., *amicus curiae.*

*Jaeckle, Fleischmann & Mugel (Adelbert Fleischmann* and *Brian J. Troy* of counsel), for Whitmier & Ferris Co., Inc., *amicus curiae.*

*Lawrence R. Reich* for Griese Advertising-Suburban New York, Inc., *amicus curiae.*

*Eugene L. De Nicola* for Suffolk Outdoor Advertising Co., Inc., *amicus curiae.*

DEL VECCHIO, J. Plaintiff has successfully challenged, as violative of its constitutional rights against the taking of property without due process and without just compensation, a sign and zoning ordinance of the Town of Brighton, the application of which gave plaintiff a period of 34 months during which it was permitted to maintain a nonaccessory outdoor advertising billboard after adoption of the ordinance which prohibited such billboard. Although several *amici* briefs have been submitted addressing themselves to the question of the constitutionality of local ordinances which totally exclude billboards from a regulated area, we do not believe that this case requires or that the record presents a sufficient showing for us to reach that broad issue (see *People v Goodman,* 31 NY2d 262; *Matter of Cromwell v Ferrier,* 19 NY2d 263). The proof adequately demonstrates that, with respect to plaintiff's billboard, the application of the ordinances is a legitimate exercise of the police power. The legislative enactments themselves carry with them "an exceedingly strong presumption of constitutionality" *(Matter of Malpica-Orsini,* 36 NY2d 568, 570). The uncontroverted evidence established that the single billboard which is the subject of this action is composed of four, interconnected panels each 12 feet by 25 feet and is located about 25 feet from the pavement of Route 15, a heavily traveled four-lane highway which is the major route for traffic going south from Rochester. The billboard location is about a half mile south of Rochester in a well developed residential and commercial area north of Henrietta and is between two points at which roads come into Route 15. The billboard, which is constructed so that two of its panels are visible to northbound traffic and two are visible to southbound traffic, is 600 feet from a traffic control signal at the junction to the north and 150 feet from a traffic control signal at the junction to the south. In addition to the foregoing proof there was testimony by a police officer with 14 years' experience on the Town of Brighton police force that the signs which make up the billboard create a traffic safety hazard by virtue of its location. In these circumstances the application of the ordinances, which now prohibit the continuance of the billboard in question, represents a permissible exercise of the police power

in the protection of the public safety. As a legitimate exercise of that power, the sign and zoning ordinances do not run afoul of the due process and just compensation clauses *(Goldblatt v Hempstead,* 369 US 590).

Nor do we find in the enactment of section 88 of the Highway Law an implied revocation of the delegated authority under which the town adopted the ordinances in question. In addition to the fact that revocation by implication is not favored, the enactment by the Legislature of section 9-0305 of the Environmental Conservation Law—limiting the continuance of nonaccessory signs without compensation—casts serious doubt upon any such claim. Further, we do not necessarily reject the conclusion of the Justice at Trial Term that the saving provision of subdivision 9 of section 88 of the Highway Law maintains the validity of the challenged ordinances.

Since the billboard in question was in existence at the time the ordinances became effective, it remains to be determined whether the amortization period of 34 months provided thereby was a reasonable termination period; if it was, the legislation is not invalid. "With regard to prior nonconforming *structures,* reasonable termination periods based upon the amortized life of the structure are not, in our opinion, unconstitutional" *(Matter of Harbison v City of Buffalo,* 4 NY2d 553, 561). The proof established that the billboard had existed for 52 years at the time of the hearing in this action. An officer of plaintiff was unable to fix the cost of the structure; he did testify however that present replacement cost would be $3,000 to $3,500. The improvement had been subject to a regular maintenance program but he "guessed" that it had been totally depreciated on the corporate books. In view of these circumstances, and the traffic safety hazard posed by the billboard, we conclude that the 34-month period during which the structure was permitted to remain as a nonconforming use represented a reasonable reconciliation of the public and private interests and an adequate time for amortization of plaintiff's investment.

Judgment should be reversed and judgment granted declaring that the Town of Brighton Sign Ordinance and section 42-29 of the Zoning Ordinance of the Town of Brighton, as applied to plaintiff's property, are constitutional and valid as providing a reasonable period of amortization of plaintiff's investment.

Marsh, P. J., Cardamone, Simons and Goldman, JJ., concur.

Judgment unanimously reversed without costs and Town of Brighton Sign Ordinance and section 42-29 of the Zoning Ordinance of the Town of Brighton declared constitutional and valid in accordance with opinion by Del Vecchio, J.