■ WALTER SILVERMAN, Appellant, v GERALD KEATING et al., Constituting the Zoning Board of Appeals of the Town of Irondequoit, Respondents.—Judgment unanimously affirmed, without costs. Memorandum: Petitioner appeals from a judgment of the Supreme Court, Monroe County which sustained the determination of respondent Zoning Board of Appeals of the Town of Irondequoit denying a variance to permit an existing trade-mark roof sign to remain on certain property located in the Town of Irondequoit. The existing rooftop sign for which a variance was sought was erected in either April or May, 1970. At that time it was in violation of article 6, section 55-10(b) of Local Law 5-1964, Zoning Law of the Town of Irondequoit, which was adopted on December 23, 1964. On January 6, 1975 petitioner applied to the zoning board for a variance to maintain the existing trademark roof sign which was denied. Petitioner then instituted this article 78 proceeding to compel the town to grant a variance, contending that such action of the board was arbitrary. Special Term sustained the determination of the board. The applicable law was stated by the Court of Appeals in *Matter of Clark v Board of Zoning Appeals of Town of Hempstead* (301 NY 86, 91): "If there be a hardship, which, like the alleged hardship here, is common to the whole neighborhood, the remedy is to seek a change in the zoning ordinance itself [citations omitted]. Nothing less than a showing of hardship *special* and *peculiar* to the applicant's property will empower the board to allow a variance [citations omitted]." (Emphasis added.) It is well settled that the State and its political subdivisions have power to regulate the erection and maintenance of outdoor advertising signs under the police power *(People v Goodman,* 31 NY2d 262; *Matter of Cromwell v Ferrier,* 19 NY2d 263; *Rochester Poster Adv. Co. v Town of Brighton,* 49 AD2d 273).

Here, the original sign was erected in 1953. Petitioner sought to show hardship in that he was a franchise of Carvel Stores Realty Corp., having operated a store on the present premises for a period of several years with the location being designated "Commercial District C". Since the original roof sign in the shape of an ice cream cone was in violation of section 41 of the 1945 Zoning Law of the Town of Irondequoit and there being no subsequent record of permission to erect a new cone sign, there was no showing of hardship on the part of the petitioner. A building permit was granted on March 18, 1970 which granted permission for the use of 3-foot by 12-foot signs on each side of the building, with a legend on the permit plan "New cone sign to replace old sign". This cannot be construed as the granting of a variance but at best is only some indication that the building inspector had some knowledge of a new roof sign. Nevertheless, since this was then in violation of the ordinance, the applicant could receive no right which would permit him to operate in violation of the ordinance (see *Matter of Besthoff v Zoning Bd. of Appeals of Town of Clarkstown,* 34 AD2d 782; also, 1 Anderson, NY Zoning Law and Practice, §§ 6.07–6.08). In view of the adverse findings of the planning board and the zoning board of appeals it requires a determination as to whether the use for which a variance is sought can be reasonably reconciled in the light of public obligations and the private interests of the applicant (see *Rochester Poster Adv. Co. v Town of Brighton, supra*). Special Term did not abuse its discretion in affirming the action of the zoning board of appeals, petitioner having failed to show that such denial was arbitrary or capricious (see *Philanz Oldsmobile v Keating,* 51 AD2d 437. (Appeal from judgment of Monroe Supreme Court—article 78.) Present—Marsh, P. J., Simons, Mahoney, Dillon and Witmer, JJ.