■ JESSE B. SOKOLOFF, Doing Business as GARLOR ASSOCIATES, Respondent, v ZONING BOARD OF APPEALS OF THE TOWN OF HUNTINGTON, Appellant. —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Huntington which denied petitioner's application for permission to utilize a certain freestanding sign existing on his property, the said board appeals from a judgment of the Supreme Court, Suffolk County, entered July 12, 1979, which annulled the determination and remitted the matter to the board with a direction that the application be granted "as filed" or subject to reasonable conditions. Judgment reversed, on the law, with $50 costs and disbursements, determination confirmed and proceeding dismissed on the merits. Petitioner is the owner of a building occupied by one major and three minor tenants. Petitioner applied to the Zoning Board of Appeals of the Town of Huntington to permit his major tenant to use a freestanding sign erected by the tenant's predecessor in 1962. The town's zoning ordinance generally prohibits freestanding signs in all districts (Town Code, § 198-93, subd [B], formerly § 62-14.8), but permits the board to issue "conditional sign allowances" (Town Code, § 198-98, formerly § 62-14.12). The latter provision prohibits permits for more than one freestanding sign for each business structure, regardless of the number of enterprises housed within it, and sets forth standards to guide the board in issuing such special permits. In June, 1970 the town permitted one of petitioner's minor tenants to erect another freestanding sign. In his application and presentation to the board, petitioner initially sought either a special permit or a variance. Petitioner agreed during the hearing that because of the existence of a legal freestanding sign, under section 62-14.12 his sole remedy would be a variance and requested that the application be treated as such. However, petitioner clearly failed to demonstrate that he was entitled to a variance. He failed to show the requisite unnecessary hardship as measured by the standards set out in *Matter of Otto v Steinhilber* (282 NY 71, 76; see Town Law, § 267, subd 5). In particular, petitioner's limited "dollars-and-cents" proof was wholly inadequate to enable the board to estimate with any degree of accuracy the difference in rates of return on the subject property when measured with and without the requested variance. Thus, the board could not determine whether the denial of the variance for a separate, freestanding sign would work an unnecessary hardship by subjecting petitioner to an unreasonable rate of return on his property. (See *Matter of Scott v Bellamy,* 26 NY2d 690; *Matter of Crossroads Recreation v Broz,* 4 NY2d 39; *Stanley Park v Donovan,* 38 AD2d 861.) Furthermore, the evidence does not indicate that petitioner's plight is due to unique circumstances relating to the real property itself rather than to the owner's or lessee's use of it (see *Matter of Hickox v Griffin,* 298 NY 365). Finally, there was nothing in the record to indicate that the permit issued for the freestanding sign erected by one of the minor tenants in 1970 either directly or impliedly authorized a variance for the nonconforming, older sign; indeed, petitioner's counsel admitted that

the latter sign was currently in violation of law. The zoning board of appeals, therefore, was correct in denying the application for a variance. Damiani, J. P., Mangano, Gibbons and Margett, JJ., concur.