■ In the Matter of GERALD E. HUGHES et al., Appellants, v LOCKPORT ZONING BOARD OF APPEALS, Respondent. — Judgment unanimously reversed, without costs, and petition granted. Memorandum: In a proceeding pursuant to CPLR article 78, to review a determination of the Lockport Zoning Board of Appeals (Zoning Board), petitioners appeal from a judgment which affirmed a determination of the Zoning Board granting a variance to the applicant Sonia Alaimo, to operate a one-chair beauty shop in her home. The applicant resides in a residential district wherein beauty salons and barber shops are expressly excepted from the definition of "home occupations" (Code of City of Lockport, ch 190, § 190-2 [1980]). The Zoning Board granted a variance for the operation of a one-chair beauty salon following a public hearing. At the hearing, the applicant stated that she sought a variance on the basis of hardship because she is divorced, has two children, and that it would be more convenient to work out of her home a few days a week. The applicant failed to show that: (1) the land in question cannot yield a reasonable return if used for a purpose allowed in that zone; (2) her plight is due to unique circumstances and not to the general conditions in the neighborhood which may reflect the unreasonableness of the zoning ordinance itself; and (3) the use to be authorized by the variance will not alter the essential character of the locality (*Matter of Village Bd. of Vil. of Fayetteville v Jarrold,* 53 NY2d 254; *Matter of Otto v Steinhilber,* 282 NY 71). In particular, the applicant failed to present "dollars and cents" proof that the subject premises could not yield a reasonable return if used for a permitted purpose. Furthermore, the evidence fails to demonstrate that the applicant's plight is due to unique circumstances relating to the real property itself rather than to her own personal use of it (*Matter of Hickox v Griffin,* 298 NY 365; *Sokoloff v Zoning Bd. of Appeals of Town of Huntington,* 74 AD2d 868). (Appeal from judgment of Supreme Court, Niagara County, Di Florio, J. — art 78.) Present — Dillon, P. J., Hancock, Jr., Denman, Moule and Schnepp, JJ.