■ In the Matter of ANDREW REJMAN et al., Respondents-Appellants, v THOMAS J. WELCH et al., Constituting the Zoning Board of Appeals of the Town of Deerfield, Appellants-Respondents.—Judgment, insofar as appealed from, unanimously modified, on the law, by striking the last two adjudging paragraphs and, as modified, affirmed, without costs. Memorandum: Special Term properly upheld the determination of the Zoning Board of Appeals that petitioners' use of their property as a "mink farm" is in violation of the zoning ordinance (see, Matter of Holy Spirit Assn. v Rosenfeld, 91 AD2d 190, 201, lv denied 63 NY2d 603) but erred in granting petitioners a use variance. An applicant for a building permit obtains no vested rights through the issuance of an invalid permit (see, Matter of B & G Constr. Corp. v Board of Appeals, 309 NY 730, 732; Silverman v Keating, 52 AD2d 1076, 1077; 11 NY Jur 2d, Buildings, Zoning, and Land Controls, § 40, at 640-641). The building inspector had no authority to permit a use prohibited by the ordinance and his issuance of the permit conferred no rights on petitioners. To be entitled to a variance, petitioners were required to show "unnecessary hardship", i.e., that "(1) the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone; (2) that the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood which may reflect the unreasonableness of the zoning ordi-

nance itself; and (3) that the use to be authorized by the variance will not alter the essential character of the locality" (*Matter of Otto v Steinhilber,* 282 NY 71, 76, *rearg denied* 282 NY 681). Petitioners submitted no proof of unnecessary hardship and thus are not entitled to a variance (*see, Matter of Village Bd. v Jarrold,* 53 NY2d 254, 257). The cases relied on by petitioners, *Matter of Jayne Estates v Raynor* (22 NY2d 417) and *Reichenbach v Windward At Southampton* (80 Misc 2d 1031, *affd on opn below* 48 AD2d 909, *lv dismissed* 38 NY2d 912), hold only that expenditures made in reliance on an invalid building permit may be considered on the issue of unnecessary hardship in determining entitlement to a variance, not that good-faith reliance on an invalid building permit gives rise to a right to a variance. Although use of petitioners' property as a mink farm is prohibited, Special Term was without authority to prohibit future construction on the property. If petitioners want to improve their property for a use permissible under the ordinance, there is no reason that they should not be allowed to apply for necessary permits and erect other structures. (Appeals from judgment of Supreme Court, Oneida County, Tenney, J.—art 78.) Present—Dillon, P. J., Hancock, Jr., Denman, Green and Pine, JJ.