■ ANGELA ARGANO, Appellant, v INCORPORATED VILLAGE OF WILLISTON PARK, Respondent.—In an action for a judgment, *inter alia,* declaring that the defendant Incorporated Village of Williston Park (hereinafter the village) does not have the power to enact and enforce building zoning ordinances affecting property within its borders, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Morrison, J.), dated January 6, 1986, which, *inter alia,* declared that the village had and continues to have the power to enact and enforce its zoning ordinances and that Laws of 1952 (ch 506), which authorizes the village's Board of Trustees to enact said ordinances, is valid and constitutional.

Ordered that the judgment is affirmed, with costs.

In 1980, the plaintiff, Angela Argano, became the owner of certain premises located in the village. Sometime in 1981, she constructed an extension to her residence. On or about December 29, 1981, the village's attorneys informed the plaintiff that the extension was built without the necessary building permit. Apparently, the addition extended to within about two feet of the plaintiff's rear property line in violation of the village's zoning ordinance setback requirement of 20 feet *(see,* Village Code of Village of Williston Park § 30.22 [d]). Therefore, in 1982, the plaintiff applied to the village Board of Zoning Appeals for a variance, which was denied after two public hearings. The plaintiff unsuccessfully challenged the determination of the Board of Zoning Appeals in a proceeding pursuant to CPLR article 78 on the grounds that it was arbitrary and capricious. By judgment entered March 30, 1984 (Levitt, J.), the petition was dismissed.

Thereafter, the plaintiff commenced the instant action claiming that the village had no power to enact and enforce zoning regulations as that power resided exclusively with the Town of North Hempstead. She relied upon the decision in *Village of Williston Park v Israel* (191 Misc 6, *affd* 276 App Div 968, *affd* 301 NY 713), which invalidated the village's 1927 zoning ordinance on the ground that certain procedural

defects existed in the enactment of the ordinance which violated the requirements of Village Law former § 95 *(see, Village of Williston Park v Israel, supra,* at 8-9). Pursuant to the County Government Law of Nassau County (L 1936, ch 879, §§ 1606, 1607), otherwise known as the Nassau County Charter, the power to zone was granted to the town within which a village was located, if a village did not have a valid zoning ordinance in effect on January 1, 1938, the effective date of said law.

The plaintiff further maintains that Laws of 1952 (ch 506) was unconstitutional and invalid and did not restore the village's authority concerning zoning matters. As described thereunder, Laws of 1952 (ch 506) is "AN ACT authorizing and empowering the board of trustees of the incorporated village of Williston Park, Nassau county, New York, to enact a building zone ordinance and vesting in said board of trustees, all the powers conferred upon first class villages by article six-a of the village law". We agree with the court that the plaintiff's contentions concerning the constitutionality of Laws of 1952 (ch 506) are unpersuasive and that she did not present sufficient proof to rebut the strong presumption of constitutionality of the statute beyond a reasonable doubt *(see, Hotel Dorset Co. v Trust for Cultural Resources,* 46 NY2d 358, 370). Specifically, we find no merit to the plaintiff's claim that this statute violates NY Constitution, article III, § 17, which prohibits the Legislature from passing a private or local bill "[i]ncorporating villages". Chapter 506 was enacted in 1952, long after the Village of Williston Park was incorporated and did not concern or affect its existing charter *(cf., Matter of Cutler v Herman,* 3 NY2d 334; *Abell v Clarkson,* 237 NY 85).

In sum, Laws of 1952 (ch 506) is a valid curative statute which restored the village's zoning power and supersedes the County Government Law of Nassau County (L 1936, ch 879, § 1607). Mangano, J. P., Bracken, Eiber and Spatt, JJ., concur.