■ In the Matter of PLANDOME ROAD ASSOCIATES, Respondent, v BOARD OF ZONING AND APPEALS OF THE TOWN OF NORTH HEMPSTEAD, Appellant.—In a proceeding pursuant to CPLR article 78 to review so much of a determination of the Board of Zoning and Appeals of the Town of North Hempstead (hereinafter the board), dated April 23, 1986, as denied a portion of the petitioner's application for a variance, the board appeals from a judgment of the Supreme Court, Nassau County (Levitt, J.), dated September 17, 1986, which vacated the challenged portion of the board's determination, and remitted the matter to the board for a new decision consistent with the judgment.

Ordered that the judgment is modified, on the law, by deleting the provision thereof which vacated the challenged determination with respect to areas of the basement of the property in question which were not the subject of a variance in 1968, and substituting therefor a provision confirming that portion of the determination; as so modified, the judgment is affirmed, without costs or disbursements.

The petitioner Plandome Road Associates is the owner of the commercial building in question which is currently being used exclusively as a medical office building. The parties do not dispute that before the petitioner acquired title in 1985, three retail stores on the ground level and part of the basement had been converted to medical offices without the benefit of variances. In October 1985 the Building Department of the Town of North Hempstead issued a violation alleging "conversion of retail stores and basement storage into medical office space with insufficient offstreet parking", and the petitioner then applied for a variance. After a public hearing, the board granted the variance as to the three former retail stores on the ground level but denied the variance as to the basement offices.

The board also determined: "The use of the basement level must be in conformity with the previous variance granted by this Board (Appeal No. 8903) in 1968 which states that only 2 offices shall be located in the basement level to be used for x-ray laboratory use. The additional occupants of the basement level shall be given until January 1, 1987 to vacate the said premises". However, the language of the 1968 variance does

not restrict the use of the two offices approved in the variance to "x-ray laboratory use" but approved the alterations to the basement as indicated on the architect's plans which refer to that space only as "rentable" space. Thus, it was error for the board to restrict the use of the two basement offices approved by the 1968 variance to X-ray and laboratory use.

With respect to the area of the basement which was not a subject of the 1968 variance, the board's determination was not arbitrary and capricious. In so holding, we note that the petitioner's claimed hardship is self-created. In addition, there is substantial evidence that a variance as requested by the petitioner would adversely affect adjoining property owners. In effectively granting the variance with respect to the entire basement, the Supreme Court improperly substituted its judgment for that of the board. We therefore modify the judgment appealed from to the extent indicated. Niehoff, J. P., Mangano, Bracken and Harwood, JJ., concur.