■ In the Matter of ELICHAR REALTY CORPORATION, Respondent, v TOWN OF EASTCHESTER et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Eastchester, which denied the petitioner's applications for an unconditional use variance and two sign variances, the appeal is from a judgment of the Supreme Court, Westchester County (Rosato, J.), dated February 23, 1988, which, *inter alia,* annulled and vacated the determination.

Ordered that the order is reversed, the determination reinstated and the petition dismissed, with costs.

The instant proceeding concerns a parcel of real property situated in an M700 multifamily residential district in the Town of Eastchester. In 1982, the petitioner, which desired to erect a 12-dwelling-unit apartment building, was granted several area variances not relevant to the instant appeal. At the hearing before the Town Zoning Board of Appeals, the petitioner offered a basement floor plan showing that the 12-unit residential apartment building would also house one professional office. The petitioner's attorney expressly represented that this office of approximately 300 square feet would be rented to a professional who was also a residential tenant of the building. Pursuant to the Town of Eastchester Zoning Ordinance schedule controlling land and buildings, a professional office occupied by a residential tenant is a permitted accessory use in an M700 residential district. Thus, based upon the petitioner's attorney's express representation, no use variance was issued as none was needed.

Prior to the issuance of a building permit, the petitioner submitted more detailed building plans, including a basement floor plan clearly showing the existence of two basement offices. These plans were approved by the Town Building Inspector, and the two separate offices, which the petitioner now characterizes as a two-room office "suite", were rented out to one tenant, the Natural Life Medical Center. It is uncontroverted that the professional tenant is not also a resident of the apartment building and thus the current rental arrangement is not in conformity with the Eastchester Zoning Ordinance.

Upon our review of the record we find that the Supreme Court improperly set aside the Zoning Board's determinations. While the Town Building Inspector did approve construction of two basement offices, it is clear from the record that said approval was for one office to be rented to a professional tenant while the other was to be used by the petitioner as a building management office. The petitioner expressly represented this intention to the Building Inspector in connection with its application to install a separate electric meter "to separate [e]xpenses from the House Meter and the Management Office Meter, so we can [b]ill accordingly". Moreover, even if the Building Inspector had improperly approved plans which violated the town's Zoning Ordinance, the town would not be estopped from correcting the mistake by enforcing its Zoning Ordinance and thus the petitioner's 1987 use variance request could have been denied altogether (see, Matter of Parkview Assocs. v City of New York, 71 NY2d 274, rearg denied 71 NY2d 995, cert denied — US —, 109 S Ct 30; Matter of E.F.S. Ventures Corp. v Foster, 71 NY2d 359; Matter of Plandome Rd. Assocs. v Board of Zoning & Appeals, 135 AD2d 820). The power to issue a variance rests exclusively with the Zoning Board of Appeals (Matter of Commco, Inc. v Amelkin, 62 NY2d 260) which may decline to exercise its discretion in favor of an applicant whose actual construction has exceeded that which was previously approved (see, Matter of South Path Realty Corp. v Howe, 34 AD2d 647, affd 29 NY2d 565). In the instant case, however, the Zoning Board of Appeals did exercise its discretion to issue a use variance terminable upon the expiration of the present tenant's lease, in effect grandfathering the nonconforming use but only as to the present tenant.

Furthermore, contrary to the petitioner's contentions, it was not entitled to an unconditional perpetual use variance as it offered no proof of economic hardship (see, Matter of Otto v Steinhilber, 282 NY 71, rearg denied 282 NY 681). Indeed, the

record is devoid of any "dollars-and-cents" proof that the land in question cannot yield a reasonable return but for the use variance or that the owner's plight is unique to its property *(Matter of Otto v Steinhilber, supra; see also, Sokoloff v Zoning Bd. of Appeals,* 74 AD2d 868). This same analysis is applicable to the petitioner's two applications for sign variances *(Matter of Otto v Steinhilber, supra; see also, Silverman v Keating,* 52 AD2d 1076). Clearly, absent a showing of economic hardship the town Zoning Board correctly proscribed the erection and maintenance of commercial signs in this residential area *(cf., Incorporated Vil. of Asharoken v Pitassy,* 119 AD2d 404, *lv denied* 69 NY2d 606).

We have reviewed the petitioner's remaining contentions and find them to be without merit. Brown, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.