■ INCORPORATED VILLAGE OF FREEPORT, Respondent, v JEFFERSON INDOOR MARINA, INC., et al., Appellants.—In an action for injunctive relief pursuant to Village Law § 7-714, barring certain construction without first obtaining the appropriate building permit, the defendants appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Nassau County (Robbins, J.), dated December 18, 1989, which, inter alia, (1) granted the plaintiff a preliminary injunction barring the appellants from performing, permitting and/or allowing any and all construction work at the premises pending trial of the action, and (2) determined that the service of an amended complaint rendered academic a cross motion by the appellants for summary judgment.

Ordered that the order is modified, on the law, and as a matter of discretion, by (1) deleting the provision thereof which denied the appellants' cross motion for summary judgment as academic and substituting therefor a provision denying that motion on the merits, and (2) adding a provision that, upon searching the record, partial summary judgment is granted to the plaintiffs on their cause of action for a permanent injunction barring the appellants from continuing construction; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

On September 29, 1988, the plaintiff Incorporated Village of Freeport issued the appellants a permit to construct a 46,086-square-foot indoor marina on their property. The permit was amended on April 12, 1989. The appellants' property consists

of 97,016 square feet. Approximately 32,900 square feet of the property is located in the Marine Business District, while the remainder of the property is located in the Marine Industrial District. The proposed 46,086-square-foot building will cover 27,000 square feet of the lot area situated in the Marine Business District, and it will cover approximately 19,086 square feet of the lot area situated in the Marine Industrial District.

After the initial issuance of the permit, the plaintiff requested modifications for height and setback requirements in the Marine Business District, and the appellants submitted amended plans to comply with the plaintiff's request. After a public hearing held on June 19, 1989, the plaintiff revoked the permit on June 21, 1989, and issued a cease and desist order. In essence, it is the plaintiff's view that notwithstanding the fact that the entire building will comprise less than 50% of the entire area of the property, since the area of the property in the Marine Business District totals 32,900 square feet and the portion of the proposed building in that area covers 27,000 square feet, the permissible lot area coverage in the Marine Business District exceeds that permitted by the zoning ordinances.

Despite revocation of the permit, the appellants continued construction at the site, and the plaintiff commenced the instant action for a permanent injunction and moved for a preliminary injunction pursuant to Village Law § 7-714 to bar the continued violation of its zoning ordinance. An ex parte temporary restraining order was issued by the Supreme Court, but after a hearing, the Supreme Court, Nassau County (Robbins, J.), in an order dated July 5, 1989, denied the plaintiff's motion for a preliminary injunction.

The plaintiff moved for reargument, and the appellants served an answer to the complaint, and, on the same date, moved for summary judgment, urging the court to construe the zoning ordinance in their favor and deny the plaintiff's motion for reargument and for a preliminary injunction. In August 1989 the plaintiff served an amended complaint seeking a judgment declaring that the classification of the appellants' construction as type II under ECL article 8 (hereinafter SEQRA) violated SEQRA and was a nullity. An amended revocation letter which added the failure to comply with SEQRA as a basis for revocation of the permit was sent to the appellants. After service of the amended complaint, the appellants asserted that the Statute of Limitations barred the SEQRA claim and that the plaintiff failed to state a cause of

action based on SEQRA. In reply, the plaintiff agreed that the court should view the pleadings, amended pleadings and motion papers when determining the appellants' motion for summary judgment.

In its determination, the Supreme Court, *inter alia,* granted the plaintiff's motion for reargument and issued a preliminary injunction pending trial of the action. It denied as academic the motion for summary judgment on the ground that an amended complaint had been served, and determined that service of the amended complaint was made as of right pursuant to CPLR 3025 (a). The Supreme Court further determined that, since the amended complaint superseded the original complaint, the defenses to the amended complaint should be raised in the amended answer, and granted the appellants leave to do so.

Contrary to the appellants' claims, the Supreme Court properly granted the plaintiff reargument. A municipality has authority to obtain a temporary restraining order and preliminary injunction strictly enforcing its zoning ordinances without application of the three-pronged test for injunctive relief. No special injury or damage to the public need be alleged, and the commission of the prohibited act is sufficient to warrant granting the injunction *(see,* Village Law § 7-714; *see also, City of New York v Cincotta,* 133 AD2d 244, 245; *City of New York v Bilynn Realty Corp.,* 118 AD2d 511, 512; *State of New York v Brookhaven Aggregates,* 121 AD2d 440, 442; *Town of Islip v Clark,* 90 AD2d 500, 501).

The plaintiff presented a prima facie case that its building inspector had no authority to grant a building permit in violation of its zoning ordinance, and the appellants obtained no vested rights through the initial issuance of the invalid permit *(see, Matter of Parkview Assocs. v City of New York,* 71 NY2d 274, 278-279, *cert denied* 488 US 801; *Matter of Rejman v Welch,* 112 AD2d 795). The plaintiff also presented evidence that the appellants continued to violate the zoning ordinance despite the cease and desist order and the revocation of the permit. Accordingly, the motion for reargument was properly entertained *(see,* CPLR 2221).

However, we disagree with the Supreme Court's finding that the service of the amended complaint alleging SEQRA violations rendered the appellants' motion for summary judgment academic. Since all parties agreed that the interpretation of the applicable provisions of the zoning ordinance was amenable to summary determination by the court, the Supreme Court erred in failing to render a determination on this issue.

It is well settled that upon a motion for summary judgment, this court may search the record and, if warranted, grant summary relief to the opposing party even in the absence of a cross motion (see, CPLR 3212 [b]; *O'Hara v Del Bello,* 47 NY2d 363, 367-368; *Grimaldi v Pagan,* 135 AD2d 496; *Igbara Realty v New York Prop. Ins. Underwriting Assn.,* 104 AD2d 258, 260-261; *Wehringer v Helmsley-Spear, Inc.,* 91 AD2d 585, *affd* 59 NY2d 688). Upon our review of the record and the pertinent statutes referred to by the parties, we find that partial summary judgment should be granted to the plaintiff with respect to its claim concerning the violation of its zoning ordinance, and that a permanent injunction should issue.

Under Incorporated Village of Freeport Code § 210-3, the term "lot" is defined as: "A portion of land considered as a unit or occupied by a building or a group of buildings which are united by a common interest or use and the customary accessories and open spaces belonging to the same."

As the appellants correctly contend, this definition seeks to ignore the technical map designation and boundaries. However, Incorporated Village of Freeport Code § 210-111 pertaining to the Marine Business District clearly states that "No building, together with accessory structures, shall occupy more than fifty percent (50%) of the area of the lot". In addition, section 210-6 expressly states in pertinent part:

"(A) *No building or land shall hereafter be used* or occupied *and no building or part thereof shall be erected * * * unless in conformity with the regulations* herein specified *for the district in which it is located.*

"(B) No building shall hereafter be erected or altered * * *

"(3) To occupy a greater percentage of lot area, or * * *

"(5) To have smaller percentage of floor area per family, *than is specified herein for the district in which such building is located"* (emphasis supplied).

Contrary to the appellants' claims, section 210-111 clearly evinces a legislative intent to apply the more restrictive lot limitations where a portion of the property or building is located in a more restrictive district. Accordingly, since the total area of the portion of the proposed building located in the Marine Business District exceeds 50% of the area of the portion of the lot located within that district, the plaintiff is granted summary judgment on this issue.

We have considered the parties' remaining contentions and either decline to reach them in view of our disposition or find

them to be without merit. Mangano, P. J., Bracken, Kooper and Balletta, JJ., concur.