■ INCORPORATED VILLAGE OF WILLISTON PARK, Respondent, v ANGELA ARGANO et al., Appellants. [602 NYS2d 878] —In an action for a permanent injunction to compel the defendants to remove an extension to their home, the defendants appeal from a judgment of the Supreme Court, Nassau County (Roncallo, J.), entered December 21, 1990, which, after a hearing, granted the injunction and directed the removal of the extension.

Ordered that the judgment is affirmed, with costs; and it is further,

Ordered that the parties are directed to appear at this Court on November 10, 1993, at 12:00 noon, to be heard upon the issue of the imposition of appropriate sanctions or costs pursuant to 22 NYCRR 130-1.1, if any.

The defendants argue, on appeal, that the plaintiff has enforced its zoning ordinance in an illegal and discriminatory way. This argument could have been raised by the appellant Argano in her prior proceeding pursuant to CPLR article 78 to review the denial of a variance, which determination was confirmed, and in her prior action for a judgment declaring, *inter alia,* that the Incorporated Village of Williston Park lacked the power to enact and enforce zoning ordinances, which the court declined to issue *(see, Argano v Incorporated Vil. of Williston Park,* 129 AD2d 666). Thus, well-established principles of res judicata dictate that this argument may not be raised now *(see, e.g., O'Brien v City of Syracuse,* 54 NY2d 353; *Smith v Russell Sage Coll.,* 54 NY2d 185).

Because the plaintiff proved that the defendants were in violation of the local zoning ordinance, it was not required to show irreparable injury in order to demonstrate its right to injunctive relief *(see,* Village Law § 7-714; *see also, Matter of Town of Sullivan v Strauss,* 171 AD2d 980; *Incorporated Vil.*

*of Freeport v Jefferson Indoor Marina,* 162 AD2d 434; *Town of E. Hampton v Buffa,* 157 AD2d 714; *Town of Smithtown v Schleider,* 156 AD2d 668; *Town of Southampton v Sendlewski,* 156 AD2d 669).

The plaintiff has raised the question of whether sanctions should be imposed against the defendants and their attorney for frivolous conduct in pursuing this appeal. Upon review of the record, we conclude that the conduct of the defendants and their attorney in pursuing an appeal that so obviously lacks merit in either fact or law must be characterized as frivolous within the meaning of 22 NYCRR 130-1.1 (c). Accordingly, the parties are directed to appear at this Court on November 10, 1993, at 12 noon, to be heard upon the issue of the imposition of appropriate sanctions or costs pursuant to 22 NYCRR 130-1.1, if any.

We have examined the defendants' remaining contention and find it to be without merit. Bracken, J. P., Sullivan, Eiber and Pizzuto, JJ., concur.