■ Town of Throop, Appellant, v Leema Gravel Beds, Inc., et al., Respondents. [672 NYS2d 212] —Judgment unanimously reversed on the law without costs, cross motion denied, complaint reinstated and motion granted. Memorandum:

Plaintiff, Town of Throop (Town), commenced this enforcement proceeding pursuant to Town Law § 268 (2) to enjoin mining operations by defendants in alleged violation of the Town's Zoning Law and moratorium on commercial and industrial development. Defendants operate a mine pursuant to a mining permit issued by the New York State Department of Environmental Conservation but in contravention of a stop work order issued by the Town. Although Supreme Court properly determined that the moratorium was invalid because the Town did not comply with General Municipal Law § 239-m (*see, Matter of Ferrari v Town of Penfield Planning Bd.*, 181 AD2d 149, 152-153), it erred in denying the Town's motion for a preliminary injunction and in granting the cross motion to dismiss the complaint.

The Town's contention that defendants are in violation of section 1001 of the Town Zoning Law was properly pleaded and preserved for our review. That section mandates that defendants obtain a zoning permit and comply with sections 505.15 and 505.17 of the Town Zoning Law. Defendants argue that those local laws are preempted by the Mined Land Reclamation Law ([MLRL] ECL art 23, tit 27). The MLRL's detailed requirements concerning the operation of mines throughout the State "supersede all other state and local laws relating to the extractive mining industry" (ECL 23-2703 [2]). The MLRL, however, "does not preempt a municipality's authority, by means of its zoning powers, to regulate or prohibit the use of land within its municipal boundaries for mining operations" (*Village of Savona v Knight Settlement Sand & Gravel*, 88 NY2d 897, 899). The local laws requiring that defendants obtain a zoning permit (Town Zoning Law § 1001) and site plan review and approval (Town Zoning Law § 505.15) "are addressed to subject matters other than extractive mining and * * * affect the extractive mining industry only in incidental ways" (*Matter of Hunt Bros. v Glennon*, 81 NY2d 906, 909; *see, Matter of Schadow v Wilson*, 191 AD2d 53). Only section 505.17 of the Town Zoning Law, which is entitled "Mining and Excavations", "deal[s] 'with the actual operation and process of mining'" (*Matter of Hunt Bros. v Glennon, supra*, at 909). The series of conditions set forth in subdivisions (3) and (4) of that section therefore are superseded by the MLRL (*see, Philipstown Indus. Park v Town Bd.*, 247 AD2d 525).

"A municipality has authority to obtain a * * * preliminary injunction strictly enforcing its zoning ordinances without application of the three-pronged test for injunctive relief. No special injury or damage to the public need be alleged, and the

commission of the prohibited act is sufficient to warrant granting the injunction" (*Incorporated Vil. of Freeport v Jefferson Indoor Marina*, 162 AD2d 434, 436; *see also, Incorporated Vil. of Williston Park v Argano*, 197 AD2d 670; *Town of Islip v Clark*, 90 AD2d 500, 501). It is uncontroverted that defendants are violating the Town Zoning Law by proceeding without a zoning permit. The Town, therefore, is entitled to a preliminary injunction enjoining any further mining operations by defendants until they comply with section 1001 of the Town Zoning Law.

We therefore reverse the judgment, deny the cross motion, reinstate the complaint and grant the Town's motion for a preliminary injunction. (Appeal from Judgment of Supreme Court, Cayuga County, Contiguglia, J.—Injunction.) Present—Denman, P. J., Pine, Wisner, Callahan and Fallon, JJ.