■ Town of DeWitt, Respondent, v Richard Hotaling, Appellant. [752 NYS2d 452] —Appeal from an amended order of Supreme Court, Onondaga County (Roy, J.), entered May 17, 2002, which granted plaintiff a preliminary injunction barring defendant from operating the adult use portion of his retail store.

It is hereby ordered that the amended order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant appeals from an amended order granting plaintiff, Town of DeWitt (Town), a preliminary

injunction barring defendant from operating the adult use portion of his retail store, Zonen, in an industrial district of the Town. On August 17, 2001, defendant received a notice of violation of the Town zoning ordinance due to his operation of an adult use business within 1,000 feet of a residential dwelling (*see* Town of DeWitt Zoning Code § 192-31 C [2] [b] [2] [c]). Defendant took no action to appeal the notice of violation or to comply with the Town zoning ordinance. Instead, he filed with the Town Zoning Board of Appeals (ZBA) an application for a use variance on October 29, 2001 and an application for an area variance in April 2002. The ZBA subsequently determined at a special meeting that defendant was required to obtain a use variance, rather than an area variance, in order to continue to operate the adult use portion of Zonen. Prior to considering the application for the use variance, however, the ZBA closed the meeting "without prejudice" to defendant to appeal its decision by way of a petition pursuant to CPLR article 78. Approximately one week later, the Town commenced the instant action seeking a permanent injunction barring defendant from continuing to operate the adult use portion of Zonen and brought an order to show cause seeking a preliminary injunction pending determination of the action.

We agree with the Town that Supreme Court's grant of the preliminary injunction was not barred by a stay under Town Law § 267-a (6). Under that section, an "appeal [to the ZBA] *shall stay all proceedings in furtherance of the action appealed from*, unless the administrative official charged with the enforcement of such ordinance * * *, from whom the appeal is taken, certifies to the [ZBA] * * * that by reason of facts stated in the certificate a stay, would, in his or her opinion, cause imminent peril to life or property, in which case proceedings shall not be stayed otherwise than by a restraining order which may be granted by the [ZBA] or by a court of record" (*id.* [emphasis added]). Here, defendant took no action on the notice of violation. Contrary to the contention of defendant, we may not treat his October 29, 2001 application for a use variance as an "appeal" under Town Law § 267-a (6) because Town Law § 267-a (5) (b) requires that appeals be taken within 60 days of the filing of the order at issue. Because no stay barred the grant of the preliminary injunction and defendant's continued operation of the adult use portion of Zonen was illegal under the Town zoning ordinance, we conclude that the court properly granted the preliminary injunction (*see Town of Throop v Leema Gravel Beds*, 249 AD2d 970, 971-972; *Incorporated Vil. of Freeport v Jefferson Indoor Marina*, 162 AD2d 434, 436). Present—Pigott, Jr., P.J., Green, Pine, Kehoe and Lawton, JJ.