■ VILLAGE OF FAYETTEVILLE, Appellant, v MARK SHAHEEN, Respondent. [834 NYS2d 893]—

Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered February 7, 2006. The order denied plaintiff's application for a preliminary and permanent injunction enjoining defendant from continuing to use his land in violation of the Village of Fayetteville Zoning Code.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied the application of plaintiff pursuant to Village Law § 7-714 seeking a preliminary and permanent injunction enjoining defendant from continuing to use his land in violation of plaintiff's Zoning Code. Although "[a] municipality has authority to obtain a . . . preliminary injunction strictly enforcing its zoning [code] without application of the three-pronged test for injunctive relief" (*Incorporated Vil. of Freeport v Jefferson Indoor Mar.*, 162 AD2d 434, 436 [1990]; *see Town of Throop v Leema Gravel Beds*, 249 AD2d 970, 971-972 [1998]), here plaintiff failed to establish a violation of its Zoning Code (*cf. Town of Throop*, 249 AD2d at 972). Present—Scudder, P.J., Gorski, Centra, Green and Pine, JJ.

■ In the Matter of MICHAEL LOPEZ, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [831 NYS2d 91]—Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Mark H. Dadd, A.J.], entered October 5, 2006) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed. Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Green, JJ.